ARTHUR GRAY v. JAMES BRYANT, *by his next friend, Joseph Bryant.*

1. ACTION ON ACCOUNT—*Verification—Answer.* Where a civil action is commenced before a justice of the peace upon an account for work and labor performed, which account is duly verified by affidavit, such account will be taken as true under ¿ 84 of the justices' act, unless the denial of the same be verified by affidavit. (*Railway Co. v. Gould,* 44 Kas. 68; *Baughman v. Hale,* 45 id. 453, 25 Pac. Rep. 856.)

2. ———— *Set-off—Practice.* In such a case, a defendant who has no set-off or counterclaim to file or prove cannot, in the absence of a verified denial, show that the account sued on is incorrect or has been extinguished by payment.

*Error from Chase District Court.*

THE opinion contains a sufficient statement of the case.

*Madden Bros.,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: James Bryant, by his next friend, Joseph Bryant, commenced his action against Arthur Gray before a justice of the peace upon an account of $6 for work and labor. The account was properly verified, although the affidavit

annexed was evidently filed for the purpose of verifying its correctness, and also for showing that the plaintiff was unable to give security for costs on account of poverty. Upon the day set for the hearing before the justice, Gray obtained a continuance for 15 days by filing his affidavit alleging the absence of material witnesses. Upon the day the action was tried before the justice, Gray failed to appear, and no witnesses were introduced in his behalf. The justice rendered judgment against him for $6 and costs. Gray appealed to the district court, and after five months had expired the case was called for trial in that court, but as Gray had filed no verified denial, judgment was again rendered against him for $6, with interest and costs. When the case was called for trial in the district court, Gray attempted to deny the correctness of the account by offering to show that it had been paid, and also asked for a jury. This was refused, because the correctness of the account had not been denied by affidavit.

Within the prior decisions of this court, no error was committed in the rulings of the district court. (*S. K. Rly. Co. v. Gould*, 44 Kas. 68; *Baughman v. Hale*, 45 id. 453; same case, 25 Pac. Rep. 856.)

No attempt was made by Gray to allege or prove any set-off or counterclaim. He attempted to disprove the correctness of the verified account by showing that it had been extinguished or paid.

Within the authority of *Baughman v. Hale*, supra, the court, under the circumstances of this case, committed no error in refusing to allow the defendant to file an affidavit denying the correctness of the account. The offer was made so late that the trial court did not abuse its discretion.

The judgment of the district court will be affirmed.

All the Justices concurring.