THE CHICAGO LUMBER COMPANY V. ELLA LIMERICK.

PLEADINGS — *No Issue Raised — Waiver of Objections.* In an action to foreclose a lien claimed for materials furnished to a contractor under a subcontract, where the plaintiff's account, duly verified, is set up in the petition, and the answer of the owner of the property contains a general denial, and also denies specially any indebtedness from the contractor on account of the materials furnished, and the plaintiff offers evidence in chief to prove that the account has not been paid, and the defendant, without objection, offers proof that it has been paid, and after such proof objection because payment is not pleaded is first made when a check, by which the payment is claimed to have been made, is offered in evidence, and where the whole case is tried through from first to last as though the principal issue was the question of payment, and the court finds adversely to the plaintiff, such finding will not be disturbed because the pleadings, strictly construed, do not present an issue of payment.

*Error from Wabaunsee District Court.*

ACTION by *The Chicago Lumber Company* against *Limerick* and another. Judgment for defendant *Limerick*. The plaintiff comes here. The facts sufficiently appear in the opinion.

*Frank H. Foster*, for plaintiff in error.
*Geo. G. Cornell*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : The plaintiff brought suit to foreclose a lien for materials furnished by it under a subcontract with J. D. Bricker, for the erection of a building on a lot owned by Ella Limerick. The petition is in the usual form, and has attached thereto a copy of the itemized account against Bricker, which amounts to $305.52, and is duly verified. The defendant Ella Limerick answered, admitting that she was the owner of the lot mentioned in the petition, but denying that her codefendant Bricker, was indebted to the plaintiff in any sum, and denying generally all other allegations in the petition. The case was tried by the court, and a judgment entered against the defendant Bricker, for the amount claimed, refusing any lien upon the property, and in favor of Ella Limerick, for costs.

The main and only substantial claim of error in the case is in the admission at the trial of proof of payment by Ella Limerick for the lumber furnished for this building. Bricker also had a contract for the erection of another building for her brother, J. F. Limerick, and one Crafts. J. F. Limerick testified that, as the agent of his sister, he paid a check on his bank for $300, given by Bricker to the plaintiff's local agent, Eck, and that it was agreed at the time that this was to be accepted as payment in full for the whole bill, it being paid in advance of the delivery of all of the materials. It is argued that the answer of Ella Limerick, which is unverified, does not raise an issue of payment, and that the plaintiff's account,

being duly verified, entitled the plaintiff to judgment without proof, and *Gray v. Bryant*, 46 Kas. 43, is cited in support of this contention. At the trial, the plaintiff offered proof of all the facts necessary to establish a lien on the premises, and rested. Thereupon, a demurrer to its evidence was interposed by counsel for Ella Limerick. The plaintiff then asked and obtained leave to reopen its case, and thereupon introduced witnesses to prove that the account had not been paid, who testified at some length. After the introduction of such testimony the demurrer was overruled, and the defendant proved, without objection or exception on the part of the plaintiff, the payment as above stated, and offered in evidence the check referred to. To this check objection was made, but the objection was overruled, the check was read in evidence, and further testimony with reference to the payment was introduced on both sides, the principal contention being as to whether this payment applied on the lumber furnished for the Ella Limerick building or on that furnished for the Limerick and Crafts building. The parties having treated the question of payment as the main issue, and having tried the case through from first to last on that theory, it would be manifestly wrong to require a retrial because the answer may not be technically sufficient to raise the issue in fact litigated. The case seems to have been fully and fairly tried, and the question of payment determined adversely to the plaintiff. We think the litigation should end here.

The judgment is affirmed.

All the Justices concurring.