WALTER F. ANDERSON, *a Minor, etc.*, v. W. P. PIERCE *et al.*

No. 11,889.   (64 Pac. 633.)

PRACTICE, DISTRICT COURT—*Inconsistent Findings.* Where the general verdict is in plaintiff's favor, and the special findings made by the jury are supported by the evidence and are inconsistent with one another, or consistent with one another and inconsistent with the general finding, but not destructive of plaintiff's right of recovery, a new trial should be ordered and not judgment entered for defendant.

Error from Saline district court; R. F. THOMPSON, judge. Opinion filed April 6, 1901. *In banc.* Reversed.

### STATEMENT.

THIS action was brought by W. F. Anderson, a minor, by his next friend, to recover damages for personal injury, from W. F. and T. A. Pierce and the city of Salina. The injury sustained was occasioned by the falling of a vault door which had been removed from a building in the process of improvement and placed on edge on the sidewalk in the defendant city.

The door was removed by W. F. Pierce from a building situate upon a lot in the defendant city, to which defendant T. A. Pierce held a deed absolute in form, and of which building he was in possession. The city had notice of the fact of the placing of the door in the position it occupied upon the sidewalk. The deed held by T. A. Pierce was in fact, as between the parties thereto, a mortgage.

At the trial the jury returned a general verdict in favor of plaintiff and also answers to certain interrogatories, which, in so far as they are material to a determination this case, were as follows:

"Ques. 1. How old was the plaintiff at the time of the accident? Ans. Fourteen years and eight months.

"Q. 2.  Was the plaintiff at that time a bright, intelligent and experienced boy for one of his years? A.  Reasonably so."

"Q. 8.  Did the defendant city, before said accident, have notice that said door had been placed on the inner edge of said walk?  A.  Yes."

"Q. 10.  Considering the length, width, and weight, was not the door as it stood against the wall of the building at the time of the accident apparently in a reasonably secure position?  A.  Apparently, yes."

"Q. 13.  Before the plaintiff began to meddle with the door did he exercise any degree of care or diligence to ascertain the safety of the act he was about to perform?  A.  No.

"Q. 14.  Was not the meddling of plaintiff with the door the proximate cause of his injury?  A.  Yes.

"Q. 15.  Had not the plaintiff at the time of the accident the capacity to comprehend and avoid the danger of meddling with the door?  A.  Yes.

"Q. 16.  Did not plaintiff at the time of the accident have the capacity to see and appreciate the danger of meddling with the door?  A.  No."

"Q. 18.  If you find plaintiff was negligent at the time of the accident, would his injury have occurred in the absence of such negligence?  A.  No.

"Q. 19.  If you find any of the defendants were negligent and that such negligence caused plaintiff's injury, please state which defendant was negligent, in what such negligence consisted, specifically describing the same.  A. W. P. Pierce, by placing the door on the sidewalk in a dangerous position; the city, by allowing it to remain on said walk."

The following special findings were made at the request of defendant T. A. Pierce:

"Ques. 1.  Was the property described in the deed (Exhibit 'A'), known as the opera-house block, conveyed to defendant T. A. Pierce as security for the payment of the indebtedness of the Salina State Bank to him?  Ans. Yes.

"Q. 2. Did T. A. Pierce ever take possession of the opera-house block?  A.  Yes.

"Q. 3. If you answer question 2 'Yes,' state when he took possession.  A.  On the transfer of the prop-. erty.

"Q. 4. If you answer question 2 'Yes,' state what acts T. A. Pierce performed in taking such possession. . A.  In complying with certain alterations in the building, as proposed by W. P. Pierce."

Defendants filed separate motions for judgment in their favor on the answers given by the jury to these special interrogatories, and also filed separate motions for a new trial, but the latter were not considered by the court.  The trial court granted the motions for judgment on the findings, set aside the general verdict, and entered judgment in favor of the defendants. To reverse this judgment the present proceeding in error is brought by the plaintiff.

*R. A. Lovitt*, and *David Ritchie*, for plaintiff in error.

*Bond & Osborn, John D. Milliken, Z. C. Millikin, J. O. Wilson*, and *H. C. Tobey*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J. : The evidence is not contained in the record.   The general verdict of the jury found all the facts essential to a recovery in favor of the plaintiff and entitled the plaintiff to judgment, unless the special findings made are inconsistent with the general verdict and plaintiff's right of recovery.   The sole question presented in this case is, Did the trial court err in granting defendants judgment on the special findings?   All of the parties insist that these special findings are consistent with one another, counsel for plaintiff in error contending that they are not only consistent with one another but are consistent

with the general finding; and counsel for defendants in error, that they are consistent with one another but inconsistent with the general verdict and destructive of plaintiff's right of recovery, and entitle them to the judgment rendered.

Where a general verdict is returned for the plaintiff, in construing special findings of fact returned by the jury and supported by the evidence, the following rules are deducible from the decisions of this court: (1) It is the duty of the trial court to harmonize the same with one another and the general verdict, if possible; (2) if found to be inconsistent with one another, or consistent with one another and inconsistent with the general finding, but not destructive of plaintiff's right of recovery, the court should order a new trial; (3) if consistent with one another and both inconsistent with the general finding and destructive of plaintiff's right of recovery, judgment should be entered thereon for defendant. (*St. L. & S. F. Rly. Co. v. Ritz,* 33 Kan. 404, 6 Pac. 533; *U. P. Rly. Co. v. Fray,* 43 id. 750, 33 Pac. 739; *Kansas City v. Slangstrom,* 53 id. 431, 36 Pac. 706.)

In this case we do not agree with the construction placed on these findings by counsel for the parties or by the trial court. Every presumption is in favor of the general verdict. The special findings must overthrow it or it must stand. In the absence of the evidence from the record, we must assume all of these findings to have support in the evidence and all must be construed together. The particular and, to our minds, irreconcilable conflict arises on findings Nos. 15 and 16. An adroit argument is made in the attempt to harmonize them, but the distinction made is too highly refined for practical purposes. How a reasonably bright, intelligent and experienced boy

of fourteen years could have the mental capacity to comprehend and avoid the danger of meddling with this door, apparently in a reasonably secure position, although in fact dangerous, and yet be incapable of seeing and appreciating the danger of meddling with it, is beyond our comprehension.

We are of the opinion that the special findings are inconsistent, and incapable of being harmonized with either the general finding or with one another, and that the same are not conclusive of the plaintiff's right of recovery. If the improvements being made upon the property were by the direction and for the benefit of T. A. Pierce, the fact that his deed to the property was in legal effect but a mortgage, or that he occupied the property only as a mortgagee in possession, would seem immaterial.

Upon the special findings as returned by the jury, the judgment must be reversed, with the direction that a new trial be awarded. It is so ordered.