CITIZENS' NATIONAL BANK OF STEVENS POINT, WISCONSIN, v. J. D. LARABEE AND JOSEPH SPICKARD.

No. 12,536. (67 Pac. 546.)

SYLLABUS BY THE COURT.

1. SPECIAL FINDINGS — *General Verdict—Inconsistent Findings on Collateral Facts.* When all the special findings of a jury vital to the issue presented are in harmony with a general verdict for the plaintiff, it is error for the trial court to award judgment for the defendant upon findings collateral to the issue, such findings upon collateral facts not being destructive of the general verdict or plaintiff's right of recovery.

2. REPLEVIN—*Custody of Property—Description.* When at the trial of an action in replevin it develops that by the levy of the writ of replevin property has been brought into and remains in the custody of the court to be disposed of upon its order, of which property the plaintiff is and the defendant is not entitled to possession, it is the duty of the court in disposing of the same to award possession to the plaintiff, where it belongs, and not to the defendant, although from a comparison of a description of the property with the description given in the pleadings and writ of replevin it may not appear that such descriptions are identical.

Error from Stafford district court; ANSEL R. CLARK, judge.   Opinion filed January 11, 1902.   Reversed.

*Prigg & Williams*, and *Moseley & Dixon*, for plaintiff in error.

*John W. Rose, Geo. A. Vandeveer*, and *F. L. Martin*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: Action in replevin brought by the Citizens' National Bank of Stevens Point, Wisconsin (herein called "the bank"), against J. D. Larabee and Joseph Spickard to recover possession of fifty-six head of cattle.   The bank based its right to possession upon a chattel mortgage executed to it by one Alonzo Collins, a copy of which mortgage was attached to and made part of the petition.   A writ of replevin was issued and the sheriff executed the same by seizing fifty-six head of cattle thereunder.   No redelivery bond having been given, the cattle were turned over to the bank.   Spickard answered by general denial, and also disclaimed any interest in the cattle, except the right of possession for Larabee and one Sell Boehme.   Larabee defended his right to possession, and filed a cross-petition based upon a chattel mortgage executed to him by Alonzo Collins.   At the trial it was admitted by both parties that, of the cattle seized under the writ, Boehme had recovered and was entitled to the possession of thirty head, and the trial proceeded as to the remaining twenty-six head.   The evidence is not in the record.   There was a general verdict for the bank.   The jury also returned special findings. Upon motion based upon the findings, the court ordered

twenty head of the cattle returned to defendant Larabee. The bank brings error.

The sole question in this case for our determination is, Are the special findings of the jury so consistent with each other and so inconsistent with the general verdict as to warrant the court in ordering the return of the twenty head of cattle to the defendant Larabee, notwithstanding the general verdict? The rule to be applied in construing special findings of a jury in connection with a general verdict for plaintiff, as announced by this court, is:

"(1) It is the duty of the trial court to harmonize the same with one another and the general verdict, if possible; (2) if found to be inconsistent with one another, or consistent with one another and inconsistent with the general finding, but not destructive of plaintiff's right of recovery, the court should order a new trial; (3) if consistent with one another and both inconsistent with the general finding and destructive of plaintiff's right of recovery, judgment should be entered thereon for defendant." (*Anderson v. Pierce*, 62 Kan. 756, 64 Pac. 633; *St. L. & S. F. Rly. Co. v. Ritz*, 33 id. 404, 6 Pac. 533; *U. P. Rly. Co. v. Fray*, 43 id. 750, 23 Pac. 1039; *Kansas City v. Slangstrom*, 53 id. 431, 36 Pac. 706.)

Hence, in this case it was the duty of the trial court to harmonize the special findings made with the general verdict, if possible, as there inheres in the general verdict a general finding of every fact essential or necessary to support the verdict, and the general verdict is only overcome where the jury are requested to and do find some specific fact essential to support the general verdict in opposition thereto. Examined by this light, are the special findings of the jury in the case at bar consistent with each other and so inconsistent with the general verdict for the bank as to be de-

structive of the right of the bank to recover the twenty head of cattle in dispute, and to warrant an order returning the same to the possession of Larabee? We think not. The foundation of the bank's claim to the cattle is its chattel mortgage. This mortgage forms a part of the petition. In answer to interrogatory 16, the jury find, in effect, that the twenty-six head of cattle in controversy were covered by this mortgage. In answer to interrogatory 9, the jury find the twenty head of cattle ordered returned to the possession of Larabee were not covered by his mortgage. These findings are in direct harmony with the general verdict and are conclusive of the ultimate issue in the case, that is, the right of the parties to the cattle under their respective mortgages. True, by a comparison made between finding 1, which attempts to give an exact description of each animal recovered by Boehme, and which description the jury say is correct, and finding No. 11, which attempts to give an exact description of each animal, as made by the cashier of the bank, from a deposition in the case, and which the jury say in response to the direct question is a substantial description of the cattle seized by the sheriff under the writ, it appears that only the description of six head out of the twenty-six head of cattle remaining after the recovery of thirty head by Boehme remains out of the fifty-six head for which the action was brought and as described in the writ of replevin. This, however, is not important. The facts here found are not vital or fatal to the issue. The practice of submitting very lengthy and involved findings, calling for a direct answer, in any case is not to be encouraged, and more especially, as in this case upon matters collateral to the exact issue. The description given in the writ of replevin

is for the guidance of the officer executing the writ. Under this writ the sheriff seized the cattle in controversy, which the jury find were covered by the bank's mortgage.   This mortgage formed the basis of the bank's petition, and even if there had been a variance in the proof between the description of the cattle in the petition or in the writ and the evidence, it would be the duty of the trial court to permit an amendment correcting such variance, if material.

Again, this being an action in replevin, and the twenty head of cattle in dispute having come into the custody of the law in this case by virtue of the levy of the writ of replevin, it became the duty of the court to dispose of them under its order.   The jury having found the bank to be entitled to possession and the defendant to be not entitled to the possession of the same, it was error for the court to award possession to defendant irrespective of the question whether these cattle might or might not have been identified by the description in the pleadings, if in fact, as the jury found, the bank was and the defendant was not entitled to possession by virtue of their respective mortgages.   (Wells, Repl. §§ 483, 496 ; Cobbey, Repl. § 1224 et seq.)

We conclude the special findings in this case material to its determination to be in harmony with the general verdict, and that the trial court erred in ordering the twenty head of cattle to be returned to the defendant.

The judgment is reversed, with direction to overrule the motion of defendant Larabee for a return of the twenty head of cattle under the special findings, and with direction to enter judgment in favor of the bank and against the defendants upon the general verdict.

CUNNINGHAM, ELLIS, JJ., concurring.