Anderson v. Pierce.

WALTER F. ANDERSON, *by his Next Friend*, etc., v. W. P. PIERCE *et al.*

No. 13,321.  (74 Pac. 638.)

SYLLABUS BY THE COURT.

1. INJURY TO INFANT—*Liability of City and Owners of Property.*  In repairing a building, the owners removed a vault door weighing 1000 pounds to a public street of a city and leaned it against the wall of a building, where it remained for several days, to the knowledge of the city officers, and in doing so they left it so nearly upright and on a balance that a boy, by pushing his hand between the door and the wall to play with the locks, caused it to fall over and upon him.  In an action to recover damages for the injury, testimony tending to prove the foregoing facts is sufficient evidence of negligence of the owners and of the city to take the case to the jury.

2. ———— *Contributory Negligence a Question for Jury.*  Whether the boy, who was ordinarily intelligent and about fourteen years and eight months old, was exercising the care and discretion required of one of his age, capacity and experience in playing with an object so placed, or was guilty of contributory negligence, could not be determined by the court as a matter of law, but should have been submitted to the jury with instructions as to the duties and rights of the respective parties.

Error from Saline district court; R. F. THOMPSON, judge. Opinion filed December 12, 1903. Reversed.

*David Ritchie*, and *R. A. Lovitt*, for plaintiff in error.

*H. C. Tobey, John D. Milliken,* and *Thomas L. Bond,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : This was an action to recover damages for injuries to Walter F. Anderson, resulting from the alleged negligence of W. P. Pierce, T. A. Pierce, and the city of Salina. The first trial of the case resulted in a judgment in favor of Anderson, but it was set aside for inconsistencies in the findings of the jury. (*Anderson v. Pierce*, 62 Kan. 756, 64 Pac. 633.) On the last trial a demurrer to the evidence of Anderson was sustained and judgment given in favor of defendants, and of these rulings plaintiff complains.

If there was testimony tending to show culpable negligence on the part of the defendants, they were liable for the consequent injuries, unless it appeared, beyond dispute, that the injury was the result of contributory negligence of the boy. It was shown that the Pierces were making changes in a building in the city of Salina, and, in doing so, they removed a vault door from the building and placed it on the street. The door was six feet long, three feet wide, and weighed about one thousand pounds. The testimony tended to show that it was placed lengthwise on the sidewalk and inclined against the wall of the building, where it remained, to the knowledge of the officers of the city of Salina, for several days. The front of the door was toward the building, and there was

testimony going to show that it rested on the hinges on the bottom of the door, while the top of it was held out from the wall by one of the knobs. According to some of the testimony, the bottom edge of the door was within five inches of the wall, and the hinges on which it rested were still closer. A few days after the door had been placed on the street, Walter Anderson, who was about fourteen years and eight months old, was attracted to the door, and, with the instincts of a boy, put his hand between the door and the wall in an effort to turn the knob which controls the bolts. In doing so, the door was pushed toward and upon him, crushing his leg.

The placing of a heavy door in such an insecure position on one of the principal thoroughfares of the city, and leaving it there for a number of days, tended strongly to prove negligence, not only of the owners, but of the city which permitted it to remain in such condition. Taking the testimony most favorably to plaintiff, as we must, the door was placed so nearly perpendicular and upon a balance that the mere thrusting of a boy's hand behind it caused it to fall. It was left in this toppling position for a number of days, and constituted not only an obstruction in the streets, but was an object which naturally tempted a boy to play with its locks and tumble its bolts. Other boys had played with the locks and bolts without injury, it is true, and some of the testimony also tended to show that the bottom of the door was out as far as fifteen inches from the wall, while the top of it rested against the wall on a slant that indicated safety. The position of the door, however, is shown quite clearly by the fact that the mere thrusting of a boy's hand behind it pushed it over. It is difficult to understand how a door weighing a thousand pounds,

placed in anything like a secure position, could have been pushed over by the strength of a boy, however exerted.

There was abundant evidence, we think, to show such a want of care upon the part of both the owners and the city as to require the submission of the case to the jury, under proper instructions, unless it can be said, as a matter of law, that the injuries resulted from the want of care on the part of the boy.

The testimony shows that he was an ordinarily intelligent boy, and he is therefore held to such a standard of care and discretion as is usual in those of his age and experience. There is nothing, however, to show that he was familiar with such dangerous situations, or with things so dangerously placed, and hence some of the cases cited by defendants in error do not fairly apply. Unless attention had been called to the peril of the situation, who would have surmised that a vault door would be left standing on a balance in a toppling position on one of the busy streets of a city? If men of mature judgment had casually met there, and while in conversation one of them, without special scrutiny, had placed his hand upon or behind the door and thus thrown it upon him, could it have been arbitrarily said that he was bound to know the danger of the situation and that the door had been so negligently placed? Much less can it be said that a boy fourteen years of age should have examined and known of the peril. Having in mind the difference in capacity and discretion of children of the same age, and the fact that the danger was of such an unusual character, we are united in the opinion that it cannot be said, as a matter of law, that the boy was guilty of contributory negligence.

As the case comes to us, it appears that the question whether the boy exercised the care and caution re-

quired of him was peculiarly one for the determination of a jury, and the ruling of the court in taking the case from the jury cannot be upheld.

The judgment will therefore be reversed, and the cause remanded for a new trial.

All the Justices concurring.