·JOHN EDWARDS, *Appellee*; v. THE ATCHISON, TOPEKA
& SANTA FE RAILWAY COMPANY, *Appellant*.

No. 17,365.

SYLLABUS BY THE COURT.

·NEGLIGENCE—*Personal Injuries—Inconsistent Special Findings.*
The plaintiff recovered a judgment for damages for injuries
occasioned by the collision of one of the defendant's engines
with his wagon at a street crossing. He drove by ·a crossing
bell at the side of the street while it was sounding warning
of the approach of the train. Applying to certain special
findings of fact the measure of vigilance which the law re-
quired of him, he must have heard the bell. ˙ According to
another special finding he need not necessarily have heard
the bell although not inattentive. *Held*, the findings are in-
consistent, and being inconsistent upon a matter material in
estimating the prudence of each party, they do not furnish
a basis for a judgment in favor of either one.

Appeal from Edwards district court. Opinion filed
·January 6, 1912. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,*
·and *F. Dumont Smith,* for the appellant.

*W. E. Broadie,* and *T. S. Haun,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued the defendant for
damages resulting ·from a collision with one˙ of the
·defendant's trains at a point where the railway track
crosses a street in Kinsley. The plaintiff recovered and
the defendant appeals.

The street in question extends north and south and
is crossed by four parallel tracks running from the
ˉnortheast to the southwest. The first track approached
from the north is a switch track, 57 feet to the south
is the main track, 26 feet from the main track is a
storage track, and 11 feet beyond is the branch-line
track. The storage track was occupied by a line of

17—86 KAN.

freight cars protruding into the east side of the street and extending a long distance to the northeast. The plaintiff was driving a team of mules hitched to a loaded wagon and was going south. He crossed the switch track without halting, but stopped to look and listen before going upon the main track, which was clear. He neither saw nor heard a branch-line passenger train coming from the northeast behind the line of cars on the storage track, and drove on until the engine of the train struck his wagon. The following is a portion of his account of his conduct:

"As I came to the [main] track I pulled up my mules and looked to the east. I could n't see anything, the cars were in my road, then I let the mules go on. As I came by the cars I couldn't see or hear any train, or hear any bells ringing. I listened for the train, I listened for signals. As the mules got by these cars they sprung ahead and as I got by when I got far enough ahead so I was by the cars, the train was a little way from me. I couldn't say how many feet, but it was close to me. I remember of raising up to urge the mules a little more, and they were on the track. I raised up but I don't remember any more. I didn't know anything after that. . . . My hearing and eyesight are good."

A crossing bell was located at the west side of the street between the main-line track and the storage track. The jury returned the following special findings of fact:

"Q. 1. How long had the plaintiff been in the habit of coming to Kinsley and crossing the track where the accident occurred? A. 1. About 5 years.

"Q. 28. Is this an automatic bell operated by the approach and passage of trains which cause a circuit to close and a bell to ring whenever a train is within a certain distance of it? A. 28. Yes.

"Q. 29. Was this bell in good condition at the time of the accident? A. 29. Yes.

"Q. 32. Was the crossing bell ringing when the train in question approached the crossing? A. 32. Yes.

"Q. 35. If the bell was in order at what distance from it would the approach of a train cause it to ring? A. 35. About 600 feet.

"Q. 46. Did the witness Mills hear the crossing bell ring when he was 100 feet away from it? A. 46. Yes.

"Q. 47. Did the witness Pleasant hear the crossing bell ring when he was 100 feet away from it. A. 47. Yes.

"Q. 40. If the plaintiff did not hear the crossing bell ringing or the approach of the train, was that not due to the rattling of his wagon or his own inattention? A. 40. No."

The plaintiff drove by the bell while it was sounding warning of the approach of the train. It has been said that it is the duty of a person in the situation of the plaintiff to be vigilant in trying to see. (*Railway Co. v. Jenkins*, 74 Kan. 487, 488, 87 Pac. 702.) Likewise it was the plaintiff's duty to be vigilant in trying to hear. Giving him credit for the alertness which the law required, he could not escape hearing the bell if the findings other than number 40 be true. If finding number 40 be true he would not necessarily be attracted by the sound of the bell although he were not inattentive and although his hearing were not obstructed by the rattling of the wagon. Consequently the findings are inconsistent.

The defendant asks for judgment on the special findings. Since, however, the findings are inconsistent upon matters material in estimating the prudence displayed by both parties they can not furnish a sound basis for a judgment in favor of either.

The judgment of the district court is reversed and the cause is remanded for a new trial.