No. 20,288.

WILLIAM SHEAT, *Appellee,* v. JAMES W. LUSK et al., as Receivers of the Saint Louis & San Francisco Railroad Company, *Appellants.*

SYLLABUS BY THE COURT.

1. RECEIVERS—*Railroad in Their Possession More Than a Year—Culvert Defective Prior to Receivership—Injury—Receivers Liable.* The receivers of a railroad company who have been in possession of the railroad for more than a year are liable for an injury that results from a defective culvert on the right of way at the intersection of the railroad with a highway although the defect existed before they came into the control of the railroad.

2. APPEAL AND ERROR—*Transcript Incomplete—Special Findings—General Verdict—Construction—Evidence—Sufficiency.* In the absence of the evidence, and especially where only a part of the facts are embraced in special findings of the jury, the special findings so far as they will admit of it will be given an interpretation consistent with the general verdict, and the general verdict will be deemed to be sufficiently supported by the evidence and to include every element necessary to its validity not negatived by the special findings.

Appeal from Bourbon district court; CHARLES E. HULETT, judge. Opinion filed July 8, 1916. Affirmed.

*R. R. Vermilion,* and *W. F. Lilleston,* of Wichita, for the appellants.

*B. Hudson,* and *Douglas Hudson,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by William Sheat to recover damages from the receivers of the St. Louis & San Francisco Railroad Company for injuries sustained while he was driving over a defective culvert on the right of way of the railroad at a highway crossing. The highway had been laid out and the culvert had been built some years before the railroad passed into the control of the receivers. The plaintiff and two others were taking the separator of a threshing machine along the highway, and when they drove upon the culvert near the railroad track a wheel broke through causing a lurch

of the separator by which the plaintiff who was riding upon the separator was thrown to the ground and severely injured. At the trial special findings were returned by the jury, and in their general verdict they awarded the plaintiff damages in the sum of $1100. The defendants asked for a new trial because of insufficiency of the evidence, of inconsistency in the findings, and of erroneous instructions. Afterwards they withdrew their motion for a new trial and asked for judgment on the special findings. This motion being denied the defendants appeal.

In argument some reference was made to the evidence in the case, but as a transcript of all the evidence was not made no consideration can be given to it. The defendants are therefore confined to the error assigned on the ruling refusing to enter judgment in their favor upon the special findings. The findings cover only a part of the facts of the case, and in the interpretation of them every reasonable inference must be indulged in favor of the general verdict. In the absence of the evidence it must be assumed that there was sufficient evidence to uphold the verdict and that it included every element necessary to its validity not expressly negatived by the special findings. (*Anderson v. Pierce*, 62 Kan. 756, 64 Pac. 633; *Morrow v. Bonebrake*, 84 Kan. 724, 115 Pac. 585.) By withdrawing the motion for a new trial the defendants in effect waived any claim that there was a lack of evidence to support the findings and verdict as well as that there was inconsistency in the findings themselves. (*Lumber Co. v. Limerick*, 53 Kan. 395, 36 Pac. 710; *McClain v. Railway Co.*, 89 Kan. 24, 130 Pac. 646.) Of course if the findings fairly interpreted can not be reconciled with the verdict it can not stand, and if they are complete in themselves and show clearly that no recovery can be had by the plaintiff the defendants were, of course, entitled to judgment.

First it is said that the plaintiff can not recover because of a finding that the receivers had done nothing toward maintaining the culvert since they took charge of the railroad. It is alleged and claimed that the culvert was on the right of way and constituted a part of the approach to the crossing of the railroad track. It was defective, and the finding that the defendants did nothing towards its maintenance and repair tends

to establish the charge that they were negligent rather than to exonerate them from it. They took over the management of the railroad, and it was as much their duty to keep the crossing in repair as it was of the corporation while it had charge of the railroad. They can not escape liability because the culvert had been built before they were placed in charge of the railroad. (*Bonner and Eddy, Receivers, v. Mayfield,* 82 Tex. 234, 18 S. W. 305; Beach on Receivers, 2d ed., § 382; High on Receivers, 3d ed., § 397*b*.) The trial court instructed the jury that if the defendants or their predecessor built and maintained the culvert and allowed it to become so weak that the separator broke through it the plaintiff might recover. The defendants acknowledged the correctness of the instruction by withdrawing their objection to it and hence it must be accepted as the law of the case. Nor are they permitted to say that the defect had not been directly brought to their attention. Upon taking charge of the railroad it became their duty to inspect or cause an inspection to be made of the railroad and the crossings over the same, and their failure to find defects which might have been discovered by the exercise of due care and to repair them is negligence upon which a recovery may be based. They stand in the shoes of the corporation and are charged with the duties and responsibilities of maintaining the railroad and the crossings in a safe condition that were incumbent upon the railroad itself before they were appointed.

In *Rouse v. Harry,* 55 Kan. 589, 40 Pac. 1007, it was held that a receiver of a railroad company was in effect exercising its corporate functions, and it was said that "a suit against a receiver is in form against an individual, but in substance it is against the corporate property in his charge. It is, in all essential particulars, in substance against the corporation itself." (p. 598.)

(See, also, *The State, ex rel., v. Sessions,* 95 Kan. 272, 147 Pac. 789; *Robinson v. Mills,* 25 Mont. 391, 65 Pac. 114.)

It is conceded that the receivers had been in possession of the railroad more than a year before the accident occurred, and under any view they had ample time to discover the defect in the culvert and repair it. According to the authorities cited the defendants should have known of the defect and should have put and kept the culvert in a safe condition. Aside from

their general verdict the jury specifically found that the defendants were negligent in failing to repair the culvert and that their negligence had continued from the time they took possession of the railroad.

Contention is made that the findings show contributory negligence on the part of the plaintiff. In answer to a special question the jury stated that the plaintiff and the man with him moved the separator over the highway at night and without a light. It may have been a moonlight night so that an artificial light was unnecessary, and in the absence of the evidence it may be assumed that the night was not dark and that a lantern was not needed. Again, it is contended that the findings show that the plaintiff was negligent in the manner in which he drove upon the culvert. In the seventh finding the jury answered that the separator was several feet wider than the usually traveled part of the road, and to the question: "If the separator had been driven within the usually traveled part of the road, would the accident have happened?" the jury answered: "Don't know." In answer to another question the jury found that the hind wheel of the separator began to slip before reaching the culvert and did slip down upon the north end of it. The mere fact that the wheel slipped to the side as the plaintiff drove upon the culvert does not convict him of negligence. What caused the slipping is not shown. The finding as to the width of the traveled way and the answer of the jury that they did not know whether or not the accident would have happened if the separator had been driven within the usually traveled part of the road afford no basis for a judgment against the plaintiff. It may be inferred that the separator was not upon the most traveled part of the road; but the accident did not happen because it was moved in or outside of the usually traveled part of the road. It was because of the weak culvert which broke under the weight of the separator, and there is no reason to infer that it was stronger in the more traveled part than where the break occurred. This accounts for the answer of the jury that they did n't know whether the accident would have happened if the separator had been taken across the defective culvert at another place. The plaintiff was warranted in driving in any part of the road that appeared to be fit for travel. Neither

can it be inferred that the plaintiff was thrown from the separator because he drove off of the culvert as the defendants contend. The finding is that the wheel of the separator slipped down upon the north end of the culvert, and not off of the north end as the defendants would infer. Under the verdict the inference must be that the defective culvert through which the wheel broke was the proximate cause of the plaintiff's injury.

The judgment is affirmed.