No. 20,667.

ELIZABETH R. HAUCK, *Appellee*, v. THE VALLEY FALLS MERCANTILE COMPANY et al. and THE DAVIS MERCANTILE COMPANY, Interpleader, *Appellants*.

#### SYLLABUS BY THE COURT.

FORCIBLE ENTRY AND DETAINER—*Inconsistent Findings—New Trial.* Where special findings of the jury are in conflict with the general verdict, inconsistent with each other and part of them are contrary to the evidence in the case, the verdict should be set aside and a new trial ordered.

Appeal from Jefferson district court; OSCAR RAINES, judge. Opinion filed February 10, 1917. Reversed.

*Edwin D. McKeever,* and *F. S. Jackson,* both of Topeka, for the appellants.

*H. N. Casebier,* of Oskaloosa, and *J. B. Larimer,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a proceeding in forcible entry and detainer brought by Elizabeth R. Hauck against the Valley Falls Mercantile Company and L. Beard, before a justice of the peace. Notices purporting to terminate the tenancy and for surrender of the premises were served upon them. The Davis Mercantile Company intervened, alleging that it was in possession of the premises and that notices had not been given nor action brought against the proper party. An appeal was taken from the judgment of the justice of the peace and at a trial in the district court the verdict, which was accompanied by special findings, was that the Davis Mercantile Company was guilty.

It appears that the premises in question and the stock of merchandise in them had been owned by Lou Hauck who negotiated a sale of both with Frank B. Harrison, but the deed to the property, at Harrison's instance, was made to D. J. Owens, who executed a mortgage to Hauck for part of the purchase price. The goods were sold by Harrison to Gregory & Castile, and a lease of the store building for thirty days with the privilege of two years at fifty dollars per month was assigned to them. The merchandise was sold and the rights under the lease were transferred by Gregory & Castile to the Davis Mercantile Company and the latter went into possession on February 10, 1915. That company conducted the business for several weeks through A. L. Beard and having advertised and offered a prize for a trade name for the store, *The Valley Falls Mercantile Company* was chosen as a name and Beard was placed in charge as manager. The Valley Falls Mercantile Company was not organized as a corporation, but it transacted all its business under that name and there was no public record that the Davis Mercantile Company was the owner of the store. There is some conflict in the testimony as to whether it was generally known that the Davis Mercantile Company was the owner. About the time the Davis Mercan-

tile Company bought the stock an action to foreclose the mortgage was begun and Beard and the Valley Falls Mercantile Company, as a corporation, were made parties defendant, but not the Davis Mercantile Company. A receiver was appointed who collected the rent of fifty dollars a month from the Valley Falls Mercantile Company until about the time of his discharge, July 8, 1915. The first payment of rent by the Valley Falls Mercantile Company was made to the receiver at the office of the Davis Mercantile Company. Judgment of foreclosure was rendered, June 10, 1915, in which the Valley Falls Mercantile Company and L. Beard were barred of all right, title or interest in the mortgaged premises. It appears that officers or agents of the Davis Mercantile Company had knowledge of the foreclosure proceedings. After the judgment a settlement was reached by which Owens reconveyed the property to plaintiff to whom Lou Hauck had previously assigned the mortgage, Owens' deed reciting that the property was free and clear of all incumbrances except taxes. On July 6, 1915, a notice signed by Elizabeth Hauck was served upon Beard as manager of the mercantile company to vacate within thirty days, and on August 7, 1915, a three-day notice preparatory to this action was served. The evidence is conflicting as to whether or not the plaintiff knew of the Davis Mercantile Company's interest before this proceeding was instituted.

The principal contention is that the verdict should have been set aside because of inconsistencies in the answers to the special questions. There was much conflict in the testimony and there appears to have been considerable confusion in the minds of the jury as to the controlling facts in the case. A three-day notice to an adverse party to surrender possession is essential to the commencement of an action of this kind. The general verdict finds the Davis Mercantile Company guilty of unlawful detention of the property, but the jury made a special finding that no notice had been served upon it. The verdict and judgment are based on the theory that the Davis Mercantile Company had gained and was unlawfully withholding possession, but there was a special finding that the company was not in possession when the action was begun. It was found that the Valley Falls Mercantile Company was only a trade name used by the Davis Mercantile Company, but

it appears to have been sued as a legal entity and in the fore-closure proceeding was sued as a corporation. This case was tried as if the Valley Falls Mercantile Company was a real party and the judgment recognizes it as a separate and distinct organization. In this action it was alleged that Beard and the Valley Falls Mercantile Company had been holding possession of the premises as tenants at will. Notices were served on them and judgment for restitution was rendered against both of them. In the answers to special questions it was found that Beard had no interest in the stock or business conducted at the store other than being an employee or manager of the Davis Mercantile Company. Although finding that the Davis Mercantile Company had no possession, it was in effect found that Beard, who occupied and had charge of the store, was an employee or manager of that company. It is the duty of the court, as plaintiff contends, to harmonize the findings of the jury if it can reasonably be done, but these findings can not be reconciled on any reasonable theory. There is a direct conflict between the general verdict and some of the special findings and many inconsistencies in the findings themselves. The conflict is upon the vital issues of notice and possession by a defendant. Some of the findings are contrary to the testimony, not in accordance with the theory of either party and are not in keeping with the instructions of the trial court. It is insisted that judgment should be given in favor of the Davis Mercantile Company upon the special findings—that it had received no notice and was not in possession of the property; but other findings are inconsistent with these, and a judgment can not be directed or rested on findings so obviously inconsistent as these are. (*Anderson v. Pierce,* 62 Kan. 756, 64 Pac. 633.)

The judgment is reversed and the cause remanded for a new trial.