No. 21,219.

W. E. ROLL, *Appellee,* v. THE MONARCH CEMENT COMPANY,
*Appellant.*

### SYLLABUS BY THE COURT.

1. COMPENSATION ACT — *Injuries—Total and Partial Incapacity—Construction of Special Findings—General Verdict.* In an action under the workmen's compensation act the jury returned an affirmative answer to the question whether the plaintiff was at the time of the trial totally incapacitated from performing labor, and a negative answer to the question whether he was at that time partially incapacitated. *Held,* that in accordance with the rule that special findings must be given such reasonable construction as will harmonize them with each other and with the general verdict, the latter answer should be interpreted to mean that the plaintiff was not *partially* incapacitated because he was still *totally* incapacitated.

2. SAME—*Slight Discrepancy in Amount of General Verdict.* Where the amount of a general verdict is substantially what might be arrived at consistently with the special findings, and no motion for a new trial is filed, a reversal will not be ordered because of a slight discrepancy that might be the result of an inaccurate computation.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed May 12, 1917. Affirmed.

*Adrian F. Sherman,* of Topeka, *Thad B. Landon,* of Kansas City, Mo., and *Altes H. Campbell,* of Iola, for the appellant.

*F. J. Oyler,* of Iola, for the appellee.

The opinion of the court was delivered by

MASON, J.: W. E. Roll was injured on May 26, 1915, while in the employ of the Monarch Cement Company, and recovered a lump sum judgment for $1838.39, under the workmen's compensation act, from which this appeal is taken. A payment of $411.13 was shown, and the judgment was therefore based upon the allowance of $2249.52 (the defendant's brief says $2249.57) as the plaintiff's total compensation. A verdict was returned December 9, 1916. A motion for a new trial was filed on December 11, but was withdrawn on December 23. On December 13 the defendant filed a motion to set aside the general verdict because it was not based on the evidence, and was inconsistent with the special findings, and to enter judgment upon the findings. The part of this motion relating to the general verdict might from its language be regarded as

Roll v. Cement Co.

constituting in itself a motion for a new trial, but it was filed too late to be given consideration as such. The sole question presented is, therefore, whether the trial court erred in refusing to render a different judgment upon the special findings. They read:

"1st. For what period of time, in months, has the plaintiff been totally incapacitated from performing labor? Answer: 18 months.

"2d. Is the plaintiff now totally incapacitated from performing labor? Answer: Yes.

"3d. If you answer the preceding question No. 2 in the affirmative, then, state whether such total incapacity is permanent. Answer: No.

"4th. If you answer either of questions Nos. 2 or 3 in the negative, then, state whether the plaintiff has been and now is partially incapacitated from performing labor in some suitable business or employment. Answer: No.

"5th. What was the weekly average wage the plaintiff was receiving for the fifty-two (52) weeks prior to the accident in which he was injured? Answer: $12.36.

"6th. What average wage will plaintiff be most probably able to earn in some suitable business or employment, since the injury? Answer: Don't know."

1. The defendant insists that the answer to the fourth question amounts to a finding that at the time of the trial the plaintiff had fully recovered from the effects of the injury and was no longer under any disability whatever, and was consequently entitled to no allowance for any later period. It is entirely obvious that the jury did not in fact mean this, for they had just found that the plaintiff was still totally incapacitated from performing labor. The findings must be read as a whole and given such reasonable construction as will harmonize them with the general verdict and with each other. (*Kansas City v. Slangstrom,* 53 Kan. 431, 36 Pac. 706.) The interpretation of the fourth finding most readily suggested is that the jury meant to say that the plaintiff was not *partially* incapacitated from performing labor because he was *totally* incapacitated. So construed the answer to the question was somewhat literal, but was not an unnatural one in view of the distinction which was necessarily present in the minds of the jury between partial and total incapacity. This interpretation reconciles the second and fourth findings and does away with any necessary conflict between the fourth finding and the general verdict.

2. The defendant asserts that the verdict is one that can not be arrived at by any computation consistent with the findings. If this be true the error would seem to be one that could

be corrected only by a motion for a new trial. But it is not true unless in the sense that the precise figures reached can not be arrived at by data afforded by the findings. The parties agree that the jury allowed $494.40 for permanent disability for eighty weeks at $6.18 a week, thus leaving $1755.12 to be accounted for, distributed in some way over the remainder of the eight-year period, or 334 weeks (no allowance being made for the first two weeks). The jury may have estimated that the plaintiff's total incapacity would last 237 weeks longer, and that for the remaining ninety-seven weeks he would be able to earn something, but would not be fully restored to his former wage-earning capacity. In that situation they would properly allow further compensation at $6.18 a week for 237 weeks, making $1464.66, and being unable to determine what amount he would be able to earn from that time on they would naturally allow the statutory minimum of $3 a week for the remainder of the period, or ninety-seven weeks, making $291 additional. This would result in a total allowance of $2250.06, calling for a verdict of $1838.93, or fifty-four cents more than actually returned. The difference might readily be accounted for by a slight error in computation, or by the inversion of the figures representing the dimes and cents. The result may have been reached by some other process, but it is sufficient for present purposes that it could have been arrived at by any reasonable method consistent with the findings. To require a reversal upon the findings, where no motion for a new trial is presented, it is not enough that they do not compel the judgment rendered, or even that they are inconsistent with each other; they must be necessarily in conflict with it. (*Anderson v. Pierce,* 62 Kan. 756, 64 Pac. 633; *Sheat v. Lusk,* 98 Kan. 614, 159 Pac. 407.)

It seems probable that in saying they did not know what average wage the plaintiff would be able to earn in some suitable employment since the injury the jury meant that they were not able to estimate what his earning capacity would be at such time in the future as his disability should be reduced from total to partial. That is a reasonable construction which would harmonize with the other findings. Possibly the finding might be held to mean that the plaintiff would not be able to earn anything. But in any event it does not require a construction that would vitiate the verdict. Mere indefiniteness would of course not have that effect.

The judgment is affirmed.