No. 31,734

CHARLES WHITACRE, *Appellant,* v. THE STATE BANK OF KEATS, and CHARLES W. JOHNSON, Receiver of The State Bank of Keats, *Appellees.*

(34 P. 2d 569.)

Opinion filed July 7, 1934.

*Charles Hughes,* of Manhattan, *James V. Humphrey* and *Arthur S. Humphrey,* both of Junction City, for the appellant.

*George D. Rathbun,* of Manhattan, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover moneys from the receiver of a failed state bank.

The plaintiff had done business with the State Bank of Keats since its organization and had known Grace E. Wood, who was assistant cashier prior to 1931 and thereafter cashier until the failure of the bank on January 29, 1931. She seems to have been the principal officer of the bank in meeting the public and in conducting the bank. On September 19, 1925, plaintiff had on deposit in the bank over $600. According to plaintiff's testimony, Mrs. Wood asked him to loan the bank the money, and he did so, receiving as evidence of the loan a receipt on a printed form used by the bank on which the name of the bank appeared. It was signed "Grace E. Wood—A. Cashier," and in the lower left-hand corner the following notation appeared: "Note due 3-19-26 at 7%, $600." On March 23, 1929, another loan of $1,500 was made under similar circumstances, the essential difference in the receipt being that it was signed by

Grace E. Wood individually, and bore the following notation, "To be loaned at 7% $1,500." A third loan of $700 was made March 24, 1930, the receipt being signed by Grace E. Wood individually, and bearing a notation, "To be loaned $700." Plaintiff received no notes or evidences of debt other than the above receipts. After failure of the bank claims were filed, and, upon denial of liability, suit was instituted on December 2, 1932. Defendant's answer was a specific denial of liability and a claim the first cause of action was barred by the statute of limitations. It appears that no interest had been paid upon the second and third claimed loans. As to the $600 loan plaintiff testified that each six months he went to the bank and was paid the interest by being credited with the amount due, $21, in his bank book. On behalf of the defendant, it was shown that in 1919 the board of directors had authorized the cashier to borrow on the credit of the bank such amount as in his judgment should seem advisable, not exceeding $10,000; one of the directors testified the resolution was never rescinded so far as he knew, and that the cashier had never made any report of her acts under it. Three directors testified that Mrs. Wood had never been authorized to borrow from the plaintiff. Mrs. Wood testified that she was not authorized to borrow from plaintiff and didn't borrow from him as assistant cashier or as an officer of the bank. Her claim was that she borrowed the money personally and with other moneys, of which she kept track in a "little book," and of which there was an account in the bank under the head of "collections," she made loans to various persons in varying amounts, and that she paid plaintiff his interest out of this account whether paid by the debtors or not. It is not necessary to detail her testimony with reference to the loans she made, but it appears the notes were taken in the name of the bank and indorsed in blank by the bank without recourse.

The court instructed the jury, but gave no instruction relating to the statute of limitation. The failure to give this instruction was not called to the court's attention until the cause was ready to be submitted to the jury. Instead of amending the instructions the court submitted a special question, asking whether the bank paid any interest upon the $600 transaction mentioned in the first cause of action. The matter was then submitted to the jury, which rendered a general verdict in favor of plaintiff on the first cause of action and in favor of defendant on the two remaining causes of action, and answered the special question in the negative. The court held

that owing to the negative answer, the first cause was barred by the statute of limitations, and rendered judgment for the defendant on all causes of action.

Plaintiff filed a motion for a new trial urging, among other reasons, that the verdicts relating to the second and third causes of action were contrary to the evidence and inconsistent with and contradictory to the verdict upon the first cause of action, and that the special finding was contrary to the evidence.

Appellant's principal complaint is that the verdicts returned by the jury are, in view of the testimony offered, absolutely inconsistent, and by reason thereof, no sound basis for a judgment exists. His version of the three transactions, which he contends were loans to the bank, makes each substantially the same as the others, and the defense as to all three causes of action being merely that the loans were to. Grace E. Wood personally, and not to the bank, the verdicts on all three causes should have been the same, either all for the plaintiff or all for the defendant. The appellee contends that by reason of the difference in the manner in which the receipts were signed, the variations in the notations on the receipts and the length of time existing between the first transaction and the second and third transactions, the jury was warranted in arriving at different conclusions.

We are not impressed with appellee's explanation. While it is true there are some variations in the receipts, the plaintiff's testimony as to all three transactions was substantially similar, and until defendant's version was presented, it could not be doubted that all stood on equal footing. The defense likewise was the same as to all three transactions—that the loans were to Grace E. Wood personally, and not to the bank. It was not contended by Mrs. Wood—and she was the sole witness—that there was any difference in the three transactions. She handled the proceeds of all three loans in exactly the same manner, and gave a like account of her handling of the funds received—she made no distinction between the three transactions and made no claim that the receipts given covered different kinds of transactions. Her testimony, if believed, compelled a judgment in favor of the bank on all three causes of action, and if not believed, a judgment for plaintiff on all three. In *Underwood v. Fosha*, 89 Kan. 768, 133 Pac. 866, which was an action on two notes having the same history, wherein judgment was rendered for plaintiff on one note and denied on the other apparently on the

ground that one was due and the other not due when both were transferred, it was held that the findings were inconsistent because plaintiff relied upon the title of his assignor and the question of holder in due course was immaterial, and the verdict was accordingly set aside and a new trial granted on both notes. In the opinion reference is made to *Anderson v. Pierce,* 62 Kan. 756, 64 Pac. 633, and *Edwards v. Railway Co.,* 86 Kan. 257, 119 Pac. 872. While the case at bar is distinguishable· in some aspects from the above case, and those hereafter referred to, in principle there is no difference between inconsistent general verdicts and inconsistent answers to special questions to support a general verdict. In *Anderson v. Pierce,* supra, the syllabus reads:

"Where the general verdict is in plaintiff's favor, and the special findings made by the jury are supported by the evidence and are inconsistent with one another, or consistent with one another and inconsistent with the general finding, but not destructive of plaintiff's right of recovery; a new trial should be ordered and not judgment entered for defendant."

In *Edwards v. Railway Co.,* supra, it was held that the answers to the special questions were inconsistent, and being inconsistent furnished no basis for a judgment in favor of either party. As bearing on the question see *Burnett v. Street Railway Co.,* 90 Kan. 282, 133 Pac. 534; *Anders v. Railway Co.,* 91 Kan. 378, 137 Pac. 966; *Hauck v. Mercantile Co.,* 99 Kan. 790, 163 Pac. 457. We are not here concerned as to whose version should be believed by the trier of the facts, but we are concerned with the proposition of consistency of the jury's three verdicts, and, viewed from that angle, we are constrained to hold that the three verdicts, rendered upon substantially identical claims and defenses, are inconsistent, and, under the circumstances, a sound basis for a judgment does not exist.

The above conclusion is strengthened by consideration of the manner in which the cause was submitted. As has been mentioned, the court overlooked defendant's defense that the first cause of action was barred by the statute of limitations, and just before the jury retired to deliberate, submitted a special question as to whether the bank paid interest on the $600 transaction mentioned in plaintiff's first cause of action, which question the jury answered in the negative. In discussing this matter the trial court, in deciding the motion for a new trial, said, in part:

"A little more difficult question is presented on the other phase, as to the statute of limitations. I can see now that that question should have been

fairly presented to the jury. It should not have been presented to them in the way that it was. You gentlemen will recall how that happened. I had prepared the instructions and overlooked the defense that the defendant made concerning the statute of limitations on the first count. The matter was ready to be submitted to the jury when my attention was called to that, and in discussing the matter it was felt that submitting some questions as to whether the bank had paid the interest would take care of the question of the statute of limitations. If the bank had not paid the interest, then it would be barred; if it had paid the interest it was not barred; and it was submitted in that way."

As we view the matter, the manner in which the question of limitation was submitted did not fairly present the issue. The jury believed that the $600 transaction was a loan to the bank, otherwise it would not have returned a verdict for plaintiff. The record is undisputed that plaintiff received his interest by being credited on his bank book, as a deposit, the amount of interest due. At no place in the record is there any testimony or claim that Mrs. Wood ever told plaintiff that she was paying the interest. While appellant never filed any motion to set aside the answer to the special question, his motion for a new trial set up as one of the grounds therefor the fact that it was wholly contrary to the evidence. It seems rather apparent that the jury was not frank in saying that the transaction was a bank loan, but that the bank did not pay the interest, or was confused by the manner in which the issue was submitted.

The judgment of the lower court is reversed, and the cause remanded with instructions to grant a new trial as to the whole issue.