C. L. SAMSON, *as Administratrix, etc.*, V. WILLIAM ZIMMERMAN.

No. 14,598. (85 Pac. 757.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Findings and Verdict—Presumption.* In a trial where one special finding of the jury is apparently adverse to, and destructive of, the general verdict, if there be any material fact in issue which was not submitted to the jury for a special finding, and which if found favorably to the general verdict would support it and overcome the adverse finding, then it must be presumed that the jury determined such omitted fact in harmony with the general verdict. In other words, all the facts in issue which are not specially found should be presumed to have been determined in accordance with the general verdict.

2. CONVEYANCE—*Breach of Covenant—Damages.* A grantor of real estate by a deed of general warranty is responsible in damages to his grantee when a final judgment is rendered evicting the grantee from possession of the premises or awarding the title or any portion thereof to another upon any alleged right or lien antedating the conveyance, provided the grantor has proper notice to appear and defend such action, or does in fact appear therein; and this notwithstanding the judgment is based upon an erroneous finding that the grantor was not the full and free owner of the premises at the time of the conveyance. The grantor must defend according to his covenant, and if he fails in his defense it is at his own peril.

Error from Shawnee district court; ROBERT C. HEIZER, judge *pro tem.* Opinion filed May 12, 1906. Reversed.

### STATEMENT.

THIS action was brought by Johanna Henrietta Zimmerman, since deceased, against the defendant, William Zimmerman, in the district court of Shawnee county, to recover damages for the breach of a warranty in a deed executed by the defendant to the plaintiff in 1883, purporting to convey certain real estate in that county, with the usual covenants of warranty and for the consideration of $1500. The case was tried to a jury, and they returned the following verdict, omitting the title, viz.:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find for the plaintiff, and assess her damages at fifteen hundred dollars.
                    J. M. ORNER, *Foreman.*"

In addition to the general verdict the court submitted the following questions, and the jury returned the following answers thereto:

"(1) Ques. At the time of the execution of the deed in controversy, was the defendant the owner of the lots on Topeka avenue? Ans. Yes.

"(2) Q. If you answer question No. 1 in the negative, then state what interest he had in the premises? A. ———.

"(3) Q. If anything was paid, how and with what did she pay therefor? A. We have no evidence just how or in what manner this was paid—whether in draft, check, or currency.

"(4) Q. Did William Zimmerman receive anything for this property or for making the deed? A. Yes.

"(5) Q. If yes, how much did he receive? A. Fifteen hundred and fifty dollars.

"(6) Q. How and in what manner was this received? A. We have no evidence just how or in what manner this was paid—whether in draft, check, or currency."

The jury were discharged without a motion from either party to change or correct in any way any matter appearing in the special findings. And thereafter, without a motion by either party for a new trial, the

defendant filed a motion for judgment in his favor upon the special findings of the jury notwithstanding the general verdict, and the plaintiff filed a motion for judgment on the general verdict in her favor notwithstanding the special findings of fact. The court denied the motion of the plaintiff and allowed the motion of the defendant, and adjudged that the plaintiff take nothing by her action and that the defendant recover his costs. At some stage of the proceedings the plaintiff died, and the action was brought here by the administratrix of her estate to reverse the judgment.

*A. B. Jetmore,* for plaintiff in error.

*Loomis, Blair & Scandrett,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The case was brought here on a transcript, and of course does not include the evidence, nor the instructions to the jury; so practically the only question presented for our determination is whether the court should have rendered judgment upon the general verdict in favor of the plaintiff, or, in other words, whether the court erred in disregarding the general verdict and rendering judgment upon the special findings of fact in favor of the defendant.

It will be observed that the general verdict is in favor of the plaintiff, and all the special findings of fact are favorable to the plaintiff, unless it be No. 1. To determine whether there is an irreconcilable conflict between finding No. 1 and the general verdict we must examine the pleadings to see what were the issues. The plaintiff in her petition made the following allegations:

(1) The execution and delivery of the deed for the consideration of $1500 paid, a copy of which is attached to the petition and which contains a general covenant of warranty in the usual form, viz.:

"That at the delivery of these presents he is lawfully

seized in his own right of an absolute and indefeasible estate of inheritance, in fee simple, of and in all and singular the above-granted and described premises, with the appurtenances; that the same are free, clear, discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments, and encumbrances, of what nature or kind soever; and that he will warrant and forever defend the same unto said party of the second part, heirs and assigns, against said party of the first part, his heirs, and all and every person or persons whomsoever, lawfully claiming or to claim the same."

(2) "Plaintiff alleges that defendant, William Zimmerman, his heirs and executors, have not warranted and defended said described real estate with the appurtenances to the plaintiff, her heirs and assigns, against all and every person or persons whomsoever lawfully claiming or to claim the same, as he was bound to do; but on the contrary plaintiff avers that at the time of the execution and delivery of said deed the paramount title and freehold of the undivided two-thirds of said real estate was in William Opp and Philip Zimmerman; that by virtue of said paramount title the plaintiff afterward, to wit, at the September term, 1901, of the district court of Shawnee county, Kansas, in an action wherein said William Opp was plaintiff and the heirs of Philip Zimmerman, and the defendant, William Zimmerman, were defendants, the said William Zimmerman then and there appearing thereto and having full knowledge thereof, he not having good and sufficient title thereto, by the consideration of said court, plaintiff was dispossessed, and evicted out of and from the undivided two-thirds of said real estate and all the appurtenances thereof, by due course of law, and so the said defendant, William Zimmerman, his heirs and executors have not kept and performed his covenants in said deed, but have broken and made breach of the same."

(3) That plaintiff had expended $500 in defending said action, and had sustained damages by reason of the premises in the sum of $1500, ending in a prayer for judgment for $1800. On leave, the plaintiff afterward filed supplementary allegations and amendments to her original petition, as follow:

"Now comes the plaintiff, Johanna Henrietta Zim-

42—73 KAN.

merman, and by way of amendment and supplementary petition in addition to her original petition herein, says: That the defendant, William Zimmerman, with the intent to cheat and defraud the plaintiff, and in utter disregard of his covenants for title contained in said deed, did, as plaintiff has been informed and believes, induce said William Opp, as plaintiff, to institute said action in said district court, and make him a co-defendant; that said defendant appeared in said action and refused to protect and defend his covenant for title in said deed, as he was bound to do, but claimed to own the title and estate to and in said real estate, notwithstanding said covenant for title in his said deed; that in furtherance of said fraud, and during the pendency of said action, Mary M. Zimmerman, the wife of said defendant, with the knowledge and approbation of said defendant, and in furtherance of the intention of said defendant to cheat and defraud the plaintiff, in his refusal to defend said title, on or about the 28th day of May, 1901, during the pendency of said action, with full knowledge of all the facts and to assist the defendant in cheating and defrauding the plaintiff, for a nominal consideration, procured the said William Opp to, and who did, by his deed of that date, convey and transfer said real estate to her, the said Mary M. Zimmerman, and who, in virtue of said deed, claims to own the interest of said William Opp in said real estate.

"Plaintiff further states that in pursuance of the judgment and order of the said district court, rendered in said action, said real estate was by the sheriff of Shawnee county, Kansas, duly sold at public auction on the 19th day of May, 1902, and that plaintiff, in order to preserve her rights, interest and estate in said real estate, at said sheriff's sale was compelled to and did bid in and buy said real estate, for the price and consideration of $2000; the defendant being present at such sale, and refused to protect and defend his said covenants for title contained in said deed as he had obligated himself to and was bound to do."

To this petition, as amended and supplemented, the defendant filed the following answer:

"Now comes said defendant, William Zimmerman, and for his answer to the plaintiff's petition, and to

the 'amendment and supplementary petition' herein
filed:

" (1) Denies each and every allegation made or con-
tained in said petition, and in said 'amendment and
supplementary petition.'

" (2) And for a second and further answer herein,
this defendant says that said plaintiff never did, nor
did any person for her, ever pay to said defendant, or
to any person for him, any consideration whatever
for said property, or for the making of said deed, and
that there was no consideration for said deed or any
covenant therein contained.

" (3) And said defendant says that he executed said
deed, of which a copy is attached to said plaintiff's pe-
tition, only to enable said plaintiff to become surety
for said defendant and for Philip Zimmerman and
other employees of said defendant upon bail-bonds,
recognizances, undertakings, or other bonds for the
appearance in any court of said William Zimmerman
or said Philip Zimmerman, or other employees of said
defendant, to answer in prosecutions for violation of
the prohibitory laws of the state of Kansas, which
were then threatened against them or which they ap-
prehended, and to invest said plaintiff with the record
title to sufficient property so that she would be ac-
cepted as such surety; that said plaintiff never became
such surety, and never executed any such bond, recog-
nizance, or undertaking, and never received or paid
any liability, money or expenses under or in connection
therewith; and defendant says there was no considera-
tion for said deed, or for any of the covenants therein
contained."

And to this answer the plaintiff replied as follows:

"The plaintiff, Johanna Henrietta Zimmerman, for
her reply to the defendant's answer herein says:

" (1) She denies all and singular the allegations and
averments contained in the second and third defenses,
and each of them, of said answer.

" (2) For further reply to second and third defenses
of said answer, and each of them, plaintiff says
that in a certain action pending in this court, wherein
one William Opp was plaintiff, and the plaintiff, Jo-
hanna Henrietta Zimmerman, the defendant, William
Zimmerman, and others were defendants, the said
defendant, William Zimmerman, by way of answer

and cross-petition therein, set up as his cause of action and defense against the plaintiff for the same and identical defenses as set forth in said second and third defenses herein; and that on the 22d day of July, A. D. 1901, by the consideration of said court, the plaintiff recovered a judgment against said defendant, William Zimmerman, upon his said answer and cross-petition for costs of said action, and which judgment is unreversed.

"Wherefore, plaintiff demands judgment as prayed for in her petition in said cause."

From these pleadings it will be noted that the plaintiff asserted that the defendant was not the owner of the two-thirds interest in the land in question at the time of the delivery of the deed, but that William Opp and Philip Zimmerman were the owners of such interest. In the amendment the plaintiff alleged that the defendant induced William Opp to institute the action in which plaintiff was dispossessed and evicted of her interest; that the defendant appeared in that action, and thereupon asserted that he himself owned the "title and estate to and in said real estate"; that in place of defending the title of plaintiff thereto the defendant persuaded Opp to convey an interest in the land to Mary M. Zimmerman, the wife of the defendant, for the purpose of cheating and defrauding the plaintiff herein; that, in pursuance of the order of the court in that action, the sheriff of Shawnee county sold the real estate at public sale, and the plaintiff in this action was compelled to, and did, buy the same for the consideration of $2000; and that the defendant was present at such sale, and refused to protect and defend his covenants in the deed.

It is rather difficult to tell just what facts the general denial of the defendant to this petition and the supplement and amendment put in issue. The remainder of his answer only goes to dispute the covenants of the deed and to explain the circumstances under which it was given, and the reply of the plaintiff alleged that, in the action in which William Opp was plaintiff and

both the plaintiff and defendant in this action were defendants, the defendant herein "set up as his cause of action and defense against the plaintiff for the same and identical defenses as set forth in said second and third defenses herein." It will be observed that these are the defenses of no consideration and the purposes for which the deed was given. The court rendered judgment in favor of the plaintiff and against the defendant on these issues in that action.

The pleadings of the plaintiff are very inartistic, yet by a reasonably fair construction she pleads that the question whether the defendant was the owner of the entire fee of the land in controversy at the time of making and executing the deed in question, as well as the question as to the consideration for the deed, was brought in issue in the action in the district court of Shawnee county in which William Opp was plaintiff and this plaintiff and this defendant and others were defendants; and that said issues of fact were both adjudged and determined adversely to the defendant herein. Whether this claim of the plaintiff was supported by evidence we cannot determine from the record. The jury may have believed, and been justified in believing, from the evidence that the claim of the plaintiff of former adjudication was true as alleged, and yet they may have believed from the evidence produced in this action, as set forth in finding No. 1, that as a question of fact the defendant was the owner of the lots in question at the time of the execution of the deed in controversy, notwithstanding the former adjudication to the contrary. If the jury believed and were justified in believing from the evidence in this action according to the above hypothesis, finding No. 1 is not inconsistent with the general verdict.

"All the elements which go to make up a plaintiff's right of recovery are found in his favor by a general verdict for him. And before special findings will avail to overthrow the general verdict they must have determined all those elements against his right of re-

covery." (*Seeds v. Bridge Co.*, 68 Kan. 522, 75 Pac. 480, syllabus.)

In the case of *Anderson v. Pierce,* 62 Kan. 756, 64 Pac. 633, Mr. Justice Pollock, speaking for the court, said:

"Every presumption is in favor of the general verdict. The special findings must overthrow it or it must stand. In the absence of the evidence from the record, we must assume all of these findings to have support in the evidence and all must be construed together." (Page 759.)

In volume 8 of the American and English Encyclopedia of Law, at page 206, it is said:

"Where the covenantor has been notified by the covenantee to defend an action of ejectment brought against the latter, or where he has appeared and defended, a judgment rendered against the covenantee in such action is conclusive evidence of the paramount title of the plaintiff therein. And in an action on the covenant by the covenantee or his grantee, the covenantor will not be permitted to deny the validity of such judgment; and the covenantee is relieved from the obligation of proving that the title of the plaintiff therein was superior to that of the covenantor, even though the judgment was rendered upon an agreement to which the covenantor was not a party, or though a valid defense might have been made to the action, or though the covenantee, to save himself from eviction under the judgment, purchased the outstanding title, unless the judgment was obtained by collusion or negligence on the part of the covenantee."

If this be the law, and it seems to be supported by authority, the plaintiff in this action might well have pleaded the execution and delivery of the deed, the record and judgment in the Opp case, and that the judgment in the Opp case was not obtained through title derived from the plaintiff after the making of the deed to her by the defendant, and, after alleging her damages, rested her case upon these allegations. Assuming, as we are bound to do, that the allegations of the plaintiff in regard to the former adjudications

were found to be true, as the basis of the general verdict, judgment should have been rendered on the general verdict in favor of the plaintiff. As before indicated, there is no essential conflict or inconsistency between the general verdict and finding No. 1.

The judgment of the district court is reversed, and the case is remanded, with instructions to enter judgment in favor of the plaintiff in accordance with the general verdict.

All the Justices concurring.