No. 24,589.

F. L. STEVENS, *Appellant,* v. T. M. KEEGAN, *Appellee.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Assigned on Separate Piece of Paper—Assignee Not a Holder in Due Course.* The rule in *Stevens v. Keegan,* 103 Kan. 79, 172 Pac. 1025, that the assignee of a negotiable promissory note to whom it is assigned on a separate piece of paper from one who is not a holder in due course, takes the note subject to all equities and defenses in favor of the maker, followed and applied.

2. SAME—*Special Findings—Presumptions.* In the absence of the evidence and of special findings upon a phase of the case it must be assumed that questions arising thereon were determined by the jury in harmony with the general verdict.

3. SAME—*Bond Given to Secure Performance of Contract—Action on Bond Not an Exclusive Remedy.* Where a suit is brought upon a note given in connection with a contract and it is open to all equities and defenses the maker may have, the latter is not precluded from making such defenses by reason of the fact that a bond was given to him by the payee to secure the performance of the contract. An action upon the bond is not an exclusive remedy.

Appeal from Marshall district court; FRED R. SMITH, judge. Opinion filed December 8, 1923. Affirmed.

*Walter T. Griffin,* of Marysville, and *A. E. Crane,* of Topeka, for the appellant.

*W. J. Gregg,* of Frankfort, and *W. W. Redmond,* of Marysville, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by F. C. Stevens to recover from T. M. Keegan $289.00 upon a promissory note executed by Keegan. He was awarded judgment for $117.45, but the balance of his claim was disallowed and hence he appeals.

The note was given in connection with the execution of a contract between the defendant, a hardware merchant, and the Lyon-Taylor company, trade name for F. M. Price, and in consideration of the note Price was to furnish the defendant certain merchandise and advertising matter and instructions that went therewith to be given away as prizes in voting contests to customers of the defendant, the purpose of which was to stimulate sales and increase the business of the defendant. The following guarantee was given:

"Increased sales guaranteed.—Sales preceding twelve months were $..............
Next twelve months are hereby guaranteed to be $31,200, and if 0.92 per cent
of said sales does not amount to $289.00 we hereby agree to pay to purchaser
the deficiency in cash. We also agree to send our bond in the sum of $1,000
to cover this agreement."

The merchandise was to be sent within five days, but it was alleged
that they were not sent for several weeks after that time and the
defendant was thereby subjected to much damaging criticism. It
was further alleged that the Lyon-Taylor company, or Price, did
not increase the sales of the defendant to $31,200, but on the con-
trary the sales were only $12,766.62. There were allegations of
fraudulent representations to obtain the contract, but the court in
its instructions advised the jury that this claim had not been sus-
tained and they were to wholly disregard the allegations of fraud.
The note was attached to the contract, which contained a statement
that the payee was authorized to detach it when the order for goods
was accepted. It was detached and transferred to the Puritan Man-
ufacturing company, which was also a trade name under which Price
carried on business, and by the Puritan Manufacturing company it
was transferred to the First National Bank of Iowa City, as col-
lateral security for an indebtedness of Price. The transfer, how-
ever, was not made by an indorsement thereon, but there was an
assignment of the note on a separate piece of paper. Because of the
failure of the company and Price to perform the contract, a claim
of damages in the sum of $125 for the default was made. The de-
fendant, however, acknowledged an indebtedness to Price in the sum
of $117.45, that being .92 of one per cent of the gross sales for the
period agreed to and tendered the same into court, as well as a bond
which the Lyon-Taylor company had given him for the faithful per-
formance of the contract. At the end of the trial a general verdict
was returned in favor of the defendant and with it the following
answers to special questions.

"Q. Was the Puritan Manufacturing company the holder and owner of the
note sued on, on the 9th day of August, 1913, and at the time the written as-
signment of said note on a separate piece of paper was made to the First Na-
tional Bank of Iowa City, Iowa? A. Yes.

"Q. Did the Puritan Manufacturing company acquire the note sued on
from the Lyon-Taylor company, by endorsement of the Lyon-Taylor com-
pany on the back of said note 'Lyon-Taylor company, by M. H. Taylor?' A.
Yes.

"Q. Did the Puritan Manufacturing company assign said note to the First

National Bank of Iowa City, Iowa, by a written assignment of said note, and other notes, on a separate piece of paper? A. Yes.

"Q. Did the First National Bank of Iowa City, Iowa, acquire the note sued upon as collateral security to notes held by said bank against the Puritan Manufacturing company on or about the 9th day of August, 1913? A. Yes.

"Q. Did the plaintiff take up the indebtedness of the Puritan Manufacturing company with the First National Bank of Iowa City, Iowa, on or about June 5th, 1915, and receive from said Bank the notes of the Puritan Manufacturing company, and the note sued upon in this action, with other notes given as collateral security for said indebtedness? A. Yes.

"Q. Did the plaintiff, at the time of the commencement of this action, hold the note sued upon as collateral security for a part of the indebtedness of the Puritan Manufacturing company which had been held by the First National Bank of Iowa City, Iowa, on or about the 9th day of August, 1913? A. Yes.

"Q. Did the Lyon-Taylor company furnish everything enumerated in the contract between itself and defendant T. M. Keegan to the said T. M. Keegan? A. Yes.

"Q. At the time the note sued upon was turned over to the First National Bank of Iowa City, Iowa, had it been endorsed as follows, 'Lyon Taylor Co., by M. H. Taylor?' A. Yes.

"Q. Would the First National Bank of Iowa City, Iowa, have accepted the note sued upon as collateral security if it had not been endorsed by the Lyon-Taylor Company? A. Yes.

"Q. Did Thomas Farrell, the cashier of the First National Bank of Iowa City, Iowa, rely on the endorsement on the back of said note at the time he accepted it as collateral security? A. No."

"Q. Did defendant Keegan report the amount of his gross sales to the Lyon-Taylor company each sixty days for the period of one year covered by the contract? A. No."

The plaintiff moved for judgment on the special findings and he brings the case here on the pleadings, findings and judgment alone. In a former appeal in the case it was held in substance that the transfer of the note to the First National Bank of Iowa City, Iowa, did not vest it with title as a holder in due course and that it was open to the defenses set up by the defendant. (*Stevens v. Keegan*, 103 Kan. 79, 172 Pac. 1025.) Nothing is found in the record of the second trial to show a different relationship of the parties to the note than was made to appear at the former trial, and hence the defendant was entitled to show any defenses he had to the note. The defendant had the right to set up the defenses against the plaintiff that he might have made against the original payee, and the contention that he was not entitled to claim damages in the action against the plaintiff is without materiality as no damages were allowed by the jury.

It is contended that as the findings show the Lyon-Taylor company furnished defendant everything specified in the contract the plaintiff was entitled to recover the full amount of the claim. The defendant pleaded, however, that the company had failed to perform the condition that the goods were to be furnished within five days after the contract was made, and that the delay of several weeks defeated the purpose for which the contract was made. The company had undertaken to increase the defendant's sales to a certain amount, and here also there was a failure of performance. No special questions on this phase of the case were submitted to the jury, and in the absence of the evidence or of a special finding adverse to the claims of the defendant it must be assumed that these elements were determined by the jury in harmony with the general verdict. (*Anderson v. Pierce*, 62 Kan. 756, 64 Pac. 633; *Samson v. Zimmerman*, 73 Kan. 654, 85 Pac. 757).

It appears that the Lyon-Taylor company and Price gave the defendant a bond for the faithful performance of the contract and it is said that the defendant should have looked to that bond for non-performance. While he could have resorted to the bond for the breach of the contract it was in no sense an exclusive remedy. The fact that a bond for defendant's protection had been given did not preclude the setting up of a defense to the note that the consideration for which it was given had failed or partially failed. A suit having been brought upon the note it was competent for the defendant to procure a settlement of the entire controversy in a single action.

There are some other objections made which have been examined, but in none of them do we find any material error.

Judgment affirmed.