E. B. BURNETT, *Appellee,* v. THE TOPEKA RAILWAY COMPANY, *Appellant.*

No. 18,303.

SYLLABUS BY THE COURT.

NEGLIGENCE — *Personal Injuries — Inconsistent Findings—New Trial.* The rule that when the special findings are incon- sistent with one another, and some of them with the general verdict, the case has not really been decided and a new trial should be granted, followed.

Appeal from Shawnee district court, division No. 1. Opinion filed July 5, 1913. Affirmed.

*Leonard S. Ferry, Thomas F. Doran,* and *John S. Dean,* all of Topeka, for the appellant.

*W. R. Hazen,* of Topeka, for the appellee.

Burnett v. Street Railway Co.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for damages alleged to have been caused by the sudden starting of a car while he was in the act of alighting. The jury found that according to the evidence he suffered external injuries as a result of the alleged accident, and that they consisted of "bruises on neck, shoulder and side, duration about one week," and that the injury ·was caused by starting the car before the plaintiff got off. They allowed nothing for pain and suffering or for permament injuries, but awarded $30 for treatment and $20 for medicine. Plaintiff filed a motion for new trial based, among other things, upon misconduct of the jury, passion and prejudice, misunderstanding or mis-construction of the instructions, and upon the ground that the verdict was contrary to the evidence and inconsistent with the findings. The defendant moved for judgment on the findings, which motion was denied, and a new trial was granted. The defendant appeals and contends that the court invaded the province of the jury in granting a new trial and erred in denying the motion for judgment.

It is argued that the jury did not believe or have evidential grounds to believe that the plaintiff was physically injured. There was testimony, however, that while in the act of getting off the car the plaintiff was suddenly thrown against the iron railing, striking on his left side, was then pitched out on the platform where he struck his left side, hip and shoulder; that when he became conscious he was led to a seat until he could take a car for his home; that he was confined to the house five days, suffered great pain, and that various remedies were used as prescribed by a physician, who called about five times and who testified that he examined him several times and prescribed for him for about two or three months but regarded the injury as temporary. There was considerable evidence showing

that he was treated by other physicians, some time afterwards, for difficulties which he did not attribute to the accident which apparently left no permanent result. There is no complaint about the instructions, and the verdict and findings are so inconsistent as to indicate that the jury did not understand or perform their duties properly. The trial court evidently deemed the plaintiff entitled to a trial in which intelligent and consistent verdict and answers might be returned, and being unable to approve the verdict rendered acted in exact compliance with the civil code, which provides that a new trial shall not be granted "unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part." (Civ. Code, § 307.)

The defendant urges that according to the findings the jury regarded the bruises so slight that no damage resulted therefrom, and therefore they must have been too slight to justify an allowance for medicine or treatment. The fact remains, however, that the jury expressly found that by the negligence of the defendant, plaintiff, according to the evidence, suffered external injuries, consisting of bruises on neck, shoulder and side, of about one week's duration. The failure to allow anything for pain and suffering was as inexplainable as the allowance for treatment and medicine, and had the defendant asked for a new trial instead of a judgment on the findings it might well have been granted. As said in *Willis v. Skinner,* 89 Kan. 145, 130 Pac. 673, when the special findings are inconsistent with one another, some showing a right to a verdict and others the contrary, the case is left in the condition of being really undecided. Here the answers are not only inconsistent with one another but some of them with the general verdict, showing that the case has not in any real or proper sense been actually decided.

The order granting a new trial is therefore affirmed.