No. 21,574.

MACK SMART, *Appellee and Appellant,* v. JOHN MAYER, JOE GLADDIS and JOHN MAYER, doing business as THE KATY COAL COMPANY, *Appellants and Appellees.*

### SYLLABUS BY THE COURT.

1. PRACTICE—*Special Questions—Indefinite Answers.* The refusal to require the jury to answer a special question already answered "We do not know," does not constitute or amount to a withdrawal of such question.

2. SAME—*Indefinite Answers to Special Questions—Duty of Court.* Although it is the duty of the court on request of either party to require such an answer to be made directly responsive to the question, the party who does not make or join in such request cannot, by merely excepting, he heard to complain of such refusal.

3. SAME—*Special Findings—Motion for Judgment Denied—Motion for New Trial Granted—Appeal.* The jury found a general verdict for the plaintiff and answered four special questions "We do not know," which answers were in effect adverse to the plaintiff. The defendants on the same day filed a motion for judgment on the findings and a motion for a new trial, and on a later day the former was denied and the latter granted. *Held,* that there remains no final judgment or order from which the defendants can appeal.

Smart v. Mayer.

Appeal from crawford district court; ANDREW J. CURRAN, judge. Opinion filed July 6, 1918. Affirmed.

*J. J. Campbell,* of Pittsburg, and *E. L. Burton,* of Parsons, for the appellants.

*Thomas W. Clark,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover damages for failure to furnish sufficient prop timbers of suitable length and size, resulting in the falling of a rock and an injury to him in defendants' coal mine.

There was testimony that the plaintiff ordered 3 foot 4 inch props of the pit boss and the driver; that an area from 13 to 15 feet by about 24 feet in the room where the plaintiff worked was unpropped; that the height of the room was 3 feet and 4 inches; and that there were no unused props in the room at the time. The jury returned a general verdict in favor of the plaintiff, and in answer to the first special question found that he was injured by the fall of a rock in a room in the defendants' coal mine. To each of the four following questions, as to whether the plaintiff ordered 3 foot 4 inch props of the pit boss and driver, whether there was an area in the north end of plaintiff's room in which the roof had not been propped, as to the height of the rooms, and as to whether there were any loose or unused props in the room, the jury answered, "We do not know."

The defendants moved that the jury be required to return and answer these questions, which motion was denied. They afterwards filed a motion for judgment upon the special findings and a motion for a new trial. The former was overruled and the latter sustained. The defendants appeal from the order overruling the motion for judgment, and the plaintiff presents a cross appeal based on the failure of the court to require the jury to answer the questions, and from the order granting a new trial.

The defendants argue that the answers to the four questions amount to findings in favor of the defendants and mark the failure of the plaintiff to make out a case, and that, as no motion was made by either party to set aside these findings, it was error to overrule the motion for judgment.

The plaintiff raises the points that as no judgment was entered on the verdict and a new trial was granted there is nothing for the defendants to appeal from, and that the refusal of the court to require specific answers to the questions amounted to a withdrawal of such questions. Authorities are cited to the effect that the refusal to compel an answer amounts to a withdrawal of a question, but that rule did not apply in this instance, for the questions were answered, and, although improper in form, the answers were in effect as if they had been in the negative.

Much is said about the refusal of the court "on the request of either party" to require the jury to answer the questions. It is true that either party may request this, but it does not follow that the party who makes no such request can avail himself of the refusal of a request made by the opposing party. While the plaintiff excepted to the refusal, he did not make or join in the request. The party against whom the ruling is made and the error committed is the one to make complaint. In this instance the error committed was against the defendants.

The motion for judgment on the special findings and the motion for new trial were filed the same day, and both motions were passed upon at the same time. By this action of the court it came about that no judgment was entered against the defendants, and that at their request a new trial was ordered, and it is difficult to see what they have to appeal from. To be final, the order must, under section 566 of the civil code, in effect determine the action and prevent a judgment, and, while in one sense the order prevented a judgment in favor of the defendants, the action is still undetermined.

In *Burton and Shoemaker v. Boyd*, 7 Kan. 17, it was held that—

"A party against whom no judgment has been rendered or final order made, and who, after the trial in the court below, moved for and obtained an order granting him a new trial, has no good reason to complain in this court of the action of the court below." (syl. ¶ 1.)

In *A. T. & S. F. Rld. Co. v. Brown, Adm'r*, 26 Kan. 443, the defendant moved for judgment on the findings, which motion was overruled, and thereafter made a motion for new trial, which was sustained, and it was held that, as no judgment had

been rendered against the defendant and no final order made against it, no petition in error would lie, following *Burton v. Boyd.* In the case of *Railroad Co. v. Holland,* 58 Kan. 317, 49 Pac. 71, a motion for judgment on the findings was held not to be a waiver of a motion for a new trial, and the danger was pointed out of failing to file the latter within the three days' time required by the statute. The defendant in *Ratliff v. Railroad Co.,* 86 Kan. 938, 122 Pac. 1023, moved for judgment on the special findings. No motion for new trial was filed, but it was held that under the peculiar facts presented a new trial should be directed by this court. In *Stanley v. Railway Co.,* 88 Kan. 84, 127 Pac. 620, both motions were filed, and the motion for new trial was denied solely because the motion for judgment on the findings was granted, the court also finding that the verdict was contrary to the evidence. It was held that upon reversal the trial court should pass upon the motion for new trial upon its merits.

While special findings control the general verdict when inconsistent therewith (Civ. Code, § 294; *Tacha v. Railway Co.,* 97 Kan. 571, 155 Pac. 922), it is also true that a new trial is not to be granted unless the trial court shall be of the opinion that the verdict or decision is wrong in whole or in some material part. (Civ. Code, § 307; *Burnett v. Street Railway Co.,* 90 Kan. 282, 133 Pac. 534.) It is to be presumed, therefore, that the court below must have regarded the verdict or decision wrong in at least some material part, and may have believed that some of the answers were in conflict with the weight of the evidence.

The plaintiff did not attack the findings or request more specific answers. The defendants in their motion for a new trial asked that the verdict be set aside, without mentioning the findings. The action of the court in granting this motion operated, however, to set aside both the verdict and findings, thus leaving nothing on which to base a judgment.

In the situation presented by the record, the plaintiff is in no position to complain, and the defendants, having solicited and obtained the granting of a new trial, do not present any adverse final order for our consideration.

The orders of the trial court are affirmed.