Robinson v. Campbell. ·

---

No. 21,817.

ETHEL ROBINSON, *Appellee*, v. MARY E. CAMPBELL, and ROBERT CAMPBELL, *Appellants*.

SYLLABUS BY THE COURT.

1. TRESPASS—*Petition Stated Cause of Action.* A petition setting forth a trespass and injuries resulting therefrom and asking judgment for a certain sum, is held to state a cause of action, although it contains no express allegation that the plaintiff was damaged.

2. SAME—*No Substantial Damages—No Exemplary Damages.* Rule applied, that if no real or substantial damages are suffered, no exemplary damages can be recovered.

3. SAME—*Motion for New Trial Granted—No Error.* The defendants filed a motion for judgment on the findings, which were in their favor if supported by the evidence. The plaintiff moved for a new trial. The latter was granted and the former denied, without any reason being stated. *Held*, that the action of the trial court indicated dissatisfaction with the verdict and findings, and refusal to approve, and the ruling must be affirmed.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed April 12, 1919. Affirmed.

*J. Graham Campbell, Ray Campbell*, both of Wichita, and *Donald Muir*, of Anthony, for the appellants.

*Andrew G. Washbon*, of Harper, and *George B. Crooker*, of Anthony, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendants appeal from an order granting the plaintiff a new trial.

The plaintiff's third amended petition alleged, in substance, that about noon one day, when her husband was more than a mile away at work, and the two youngest children were at school, and she was sick with her invalid boy, who was the only person with her, the defendants maliciously, willfully, and forcibly came upon the premises where she lived, and maliciously, willfully, criminally, and forcibly battered down and broke open the door, entered the house, and removed therefrom all the household furniture and fixtures and carried them away. It was further alleged that she was sick; that she told the defendants that neither she nor her invalid boy was in condition to be forced from their home; that if they were forced out of the warm house the boy would, from his malady, become unconscious; that in trying to prevent the defendants from entering the house one of the plaintiff's fingers was bruised and mashed from being caught in a window which one of the defendants tried to raise in order to force his way into the house; that she and her sick boy were compelled to walk about a mile to where her husband was at work; and that in so doing she got her feet wet and was made sick and lame and suffered great physical and mental pain and was confined to her bed for about ten days. She asked judgment for $5,000.

The answer alleged consent by the husband for the defendants to vacate the house for another tenant, which they did with the assistance and acquiescence of plaintiff, and also alleged that they offered to lend her a horse and buggy to go to the house procured for her, or wherever she desired, but that she chose to go afoot to where her husband was. There was also a general denial.

The court instructed that if the jury found that the plaintiff suffered mental pain, unaccompanied by any bodily injury, and that she suffered the wrong complained of, and that such

wrong was inflicted upon her by the defendants willfully and wantonly, and that it was committed by the defendants with malice and an intention to cause her mental pain, she was entitled to recover damages for injuries sustained by her; but if they found that she suffered mental pain without bodily injury, and that the wrong was not willful and wanton, and was not committed with malice and intent to cause mental distress, then she could not recover.

Special findings were returned by the jury to the effect that the plaintiff suffered no physical injury; that the defendants did not compel her to go away on foot, but offered to take her in a buggy; that the weather was not such as to cause her any bodily injury by reason of her walk; that the defendants did not act towards her with a wicked and malicious purpose, and did not intend to cause her any mental distress or injure her feelings; and that it was not their purpose to cause her any mental anguish by the forcible moving of the goods, but that such moving did cause her mental anguish, and they allowed her $50 exemplary damages.

The plaintiff filed a motion for a new trial, and the defendants moved for judgment on the findings. The latter motion was overruled, and the former was granted.

Complaints are made of the overruling of the demurrer to the petition and to the evidence thereunder, but they are of no substantial merit.

It is urged that the failure to make special allegation of damages was fatal; but telling the story of the alleged wrong and asking judgment were sufficient to authorize the trial to proceed. (1 Bates' Pleading, Practice, Parties and Forms, p. 275, and cases cited.)

The overruling of the motion for judgment on the findings and the granting of a new trial are the two assignments requiring notice. There is nothing to indicate the grounds on which the rulings were made, but the defendants say in their brief the only reason for granting a new trial was that the verdict and the findings were contrary to the evidence. The verdict and findings taken together acquit the defendants of all blame, but punish them for hurting the plaintiff's feelings by moving her goods. It has been decided that no one has the right to maintain an action for the mere purpose of inflicting

punishment upon a wrongdoer, and if a party has no case independent of his claim for punitive damages, he has none at all. "If no real or substantial damages are suffered, no exemplary damages can be recovered." (*Sondegard v. Martin,* 83 Kan. 275, 277, 111 Pac. 442.) It is therefore quite plain that the defendants were entitled to judgment on the findings, unless they were not justified by the evidence; but by setting them aside and granting a new trial, the court below indicated dissatisfaction and refusal to approve.

Under these circumstances, a discretion was exercised with which we cannot interfere. (*Rowell v. Gas Co.,* 81 Kan. 392, 105 Pac. 691; *Bourquin v. Railway Co.,* 88 Kan. 183, 127 Pac. 770; *White v. Railway Co.,* 91 Kan. 526, 138 Pac. 589; *Ingalls v. Smith,* 93 Kan. 814, 145 Pac. 846; *Ball v. Collins,* 100 Kan. 448, 165 Pac. 273.) And as there is now no judgment against the defendants, they cannot complain. (*Smart v. Mayer,* 103 Kan. 366, 175 Pac. 159.)

The ruling is affirmed.