No. 28,505.

THE PEOPLES NATIONAL BANK OF KANSAS CITY, *Appellee*, v. JOHN CASEY, *Appellant*, et al.

(274 Pac. 286.)

filed February 9, 1929. Opinion

*C. W. Burch, B. I. Litowich* and *LaRue Royce,* all of Salina, for the appellant.

*Henry H. Herrman,* of Hays, *Fred Robertson, Edward M. Boddington* and *W. E. Stickel,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is on a promissory note. The plaintiff seeks to recover from John Casey, as maker of the note, and from Forest C. Cochran and Azel F. Cochran, personally and as executors of the last will and testament of Casey G. Cochran, deceased, and as executors of the partnership estate of C. G. Cochran & Sons. The plaintiff alleged that a mistake had been made in writing the note by omitting the word "at" after the name of the payee to designate the place of payment, and asked that the mistake be corrected. Judgment was rendered against the estate of C. G. Cochran. From that there is no appeal. The note was not corrected. A number of special questions were answered by the jury. A verdict was returned in favor of John Casey as follows:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find [for] the defendant John Casey. Casey shall have his stock

returned to him and he must pay Zurich State Bank $5,000 to be deducted from contract with Cochran."

On motion of the plaintiff a new trial was granted as to the defendant John Casey. From the order granting the new trial he appeals.

At the close of the evidence of John Casey, the plaintiff demurred thereto. That demurrer was overruled. The plaintiff requested the court to instruct the jury to return a verdict in favor of the plaintiff. That instruction was not given. The plaintiff cross appeals.

1. The plaintiff argues that the note, under the evidence, should have been corrected as prayed for in its petition. The note sued on was in part as follows:

"$5,000.                               HAYS CITY, KAN., March 23, 1926.

"July 24, 1926, after date, for value received, I promise to pay to the order of C. G. Cochran & Sons, the Citizens State Bank of Hays City, Kan., at its office . . . five thousand and no/100 dollars with interest at the rate of eight per cent per annum from maturity until paid. Demand, protest and notice of nonpayment of this note are waived by both makers and indorsers hereof."

Following that language the note stated that to secure its payment fifteen shares of the capital stock of the Zurich State Bank had been deposited with the note and contained a number of stipulations concerning the disposition of the bank stock on the failure of the maker to pay the note. The note sued on was a renewal of the obligation to pay contracted by defendant Casey when he purchased the bank stock. The note had been renewed some fourteen or fifteen times. In most of them the note had recited "pay to the order of C. G. Cochran & Sons at the Citizens State Bank at Hays City, Kan." It will be noted that the word "at" in the present note is omitted. The petition alleged that this was done by mistake. There was evidence which tended to prove that fact. The plaintiff argues that the trial court should have made that correction and that it was error not to do so. This is an action to recover on the note from those liable thereunder. The issues were submitted to the jury, which in answer to a special question found that the word "at" had not been omitted by mistake. In view of the finding of the jury and of the fact that a new trial has been granted on the motion of the plaintiff, its contention that the note should have been corrected cannot be sustained.

2. Casey complains of the order granting a new trial. His

counsel recognize the often declared rule of this court that the judgment of the trial court granting a new trial will not be reversed except for manifest error, but it is contended by him that there was manifest error in granting a new trial because "the appellant's (Casey's) rights are so determined and established by the record that a new trial could accomplish nothing except additional expense." The reason for granting a new trial was not disclosed by the trial court. Under these circumstances the case falls within the rule declared in *City of Sedan v. Church*, 29 Kan. 190, where this court said:

"Trial courts are invested with a very large and extended discretion in the granting of new trials; and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the supreme court could understand them as well as the trial court and the parties themselves understood them." (Syl. ¶ 2.)

See, also, *Klopfenstein v. Traction Co.*, 109 Kan. 351, 198 Pac. 930; *Hughes v. Vossler*, 110 Kan. 279, 281, 203 Pac. 1107; *Stille v. Stille*, 115 Kan. 420, 223 Pac. 281. Many other cases might be cited.

Error in sustaining the motion for a new trial has not been shown.

The judgment is affirmed.

BURCH, J., not sitting.