No. 28,496.

H. M. FOUST, *Appellee*, v. J. H. MILLS, *Appellant*.

(278 Pac. 745.)

Opinion filed July 6, 1929.

*Clad Hamilton* and *Tinkham Veale,* both of Topeka, for the appellant.

*J. J. Schenck* and *W. E. Atchison,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued the defendant to recover for the alienation of the affections of the former's wife. Trial was had, verdict was returned in favor of the plaintiff, and special questions were answered. A motion for judgment on the answers to the special questions and a motion for a new trial were filed by the defendant. The motion for judgment on the answers to special questions was denied, and the one for a new trial was sustained. From the order denying the motion for judgment on the answers to the special questions the defendant appeals.

*The Peoples Nat'l Bank v. Casey,* 127 Kan. 581, 274 Pac. 286, was an action on a promissory note which the plaintiff asked to have corrected by writing into the note a word which had been omitted. Verdict was rendered in favor of one of the defendants. On the motion of the plaintiff a new trial was granted as to that defendant. From the order granting the new trial he appealed. There was evidence to prove that the word sought to be inserted had been omitted by mistake. The plaintiff cross appealed and argued that the court should have made the correction, and that it was error not to do so. In that case this court said:

"The plaintiff who, in an action on a promissory note, alleged that it contained a mistake and asked to have the mistake corrected cannot complain of the failure of the court to correct the mistake where after verdict against him the court on his motion grants a new trial." (Syl. ¶ 1.)

"The issues were submitted to the jury, which in answer to a special question found that the word 'at' had not been omitted by mistake. In view of the finding of the jury and of the fact that a new trial has been granted on the motion of the plaintiff, its contention that the note should have been corrected cannot be sustained." (p. 582.)

In *Smart v. Mayer,* 103 Kan. 366, 175 Pac. 159, the following language is found:

"The jury found a general verdict for the plaintiff and answered four special questions 'We do not know,' which answers were in effect adverse to the plaintiff. The defendants on the same day filed a motion for judgment on the findings and a motion for a new trial, and on a later day the former was denied and the latter granted. *Held,* that there remains no final judgment or order from which the defendants can appeal." (Syl. ¶ 3.)

When the new trial was granted the verdict of the jury was set aside. That carried with the verdict the answers to the special questions. After the order granting the motion for a new trial had been made, there was no verdict, there were no answers to special questions, and there was no judgment against the defendant. The action stood for trial on the issues made by the pleadings. The defendant could not have both a new trial and judgment in his favor on the answers to the special questions.

The judgment is affirmed.