No. 33,011

NETTIE F. COULTER, *Appellee,* v. ETHEL H. SHARP and OSCAR SHARP, Partners doing business as Doctors Sharp and Sharp, *Appellants.*

(64 P. 2d 564)

Opinion filed January 23, 1937.

*Ralph T. O'Neil, John D. M. Hamilton, Barton E. Griffith,* all of Topeka, *P. E. Nulton* and *R. L. Letton,* both of Pittsburg, for the appellants.

*C. O. Pingry* and *C. S. Denison,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order overruling a demurrer to evidence. The only question we need to discuss is the applicable statute of limitations. The parties appear to agree that this depends on whether the action should be classified as one for dam-

ages for breach of a contract, not in writing, to which the three-year statute applies, or as one for damages for malpractice, to which the two-year statute applies. (R. S. 60-306, clauses 2, 3.)

Briefly stated, the record discloses: In her petition plaintiff alleged that in December, 1928, she was suffering an illness due to some ailment of the womb; that she verbally employed defendants, who are physicians and surgeons, to diagnose and treat her for her ailment; that they accepted the employment and agreed to use due and proper care and skill in diagnosing her ailment and in treating and endeavoring to cure her; that they entered upon the discharge of their obligations to plaintiff and treated her until March 1, 1929, when they were discharged and another physician was employed; that they failed to use proper skill in diagnosing plaintiff's ailment and in treating her; that they unskillfully and incorrectly diagnosed her condition to be cancer of the womb when no such condition existed, and that defendants improperly and unskillfully treated plaintiff from time to time, until they were discharged, with radium and other cauterizing agencies and medicines, to her great damage in a sum named.

The action was originally filed February 18, 1932. Issues were joined and the trial begun December 12, 1933, when plaintiff dismissed her action without prejudice. Within one year thereafter (R. S. 60-311) she filed a petition in this case upon the same cause of action. Issues were joined and the cause came on for trial in February, 1936. Plaintiff introduced her evidence, defendants demurred thereto, the demurrer was overruled, defendants introduced their evidence, the jury failed to agree upon a verdict, and the case was continued for another trial. Contending their demurrer to plaintiff's evidence should have been sustained, defendants have appealed. This is an appropriate procedure. (R. S. 60-2909; 60-3302; *Israel v. Lawrence*, 126 Kan. 586, 270 Pac. 602.)

Plaintiff's evidence was to this effect: She had not been in good health for some time. She first consulted defendants and was treated by them in April, 1927. Later she was treated by other physicians. On December 8, 1928, she again consulted defendants. They examined her and advised X-ray treatments, told her they thought four of the treatments would be sufficient to make her well; that they would cost $10 each, and that the beneficial effects of them would not be observed for about six weeks. At that time they told her she did not have cancer. She took the X-ray treatments, one every

other day, beginning December 8, 1928. Defendants continued to treat her, part of the time daily, until March 1, 1929. At sometime during this treatment they concluded she had cancer and treated her with radium, which they placed in the womb for several hours at a time, also with other cauterizing medicines, and packed her with gauze so treated, the purpose being, as they said, to burn out the cancer; that she became worse; that the treatments were so severe she could not stand them; and that finally, on March 1, 1929, she discharged defendants and called another doctor, who found she had no cancer and that her trouble was a fibroid tumor, which he removed. The evidence tends to show that defendants were unskillful and negligent in their diagnosis; that under methods well known they could have determined with certainty whether she had cancer, but the methods were not used; that they were also unskillful and negligent in their treatment, and that bad results followed. Under this evidence it is clear that the gravamen of the action was malpractice irrespective of any allegations or testimony tending to show a contract for treatment. The action, therefore, was in tort, and the two-year statute of limitations applies. (*Travis v. Bishoff,* 143 Kan. 283, 54 P. 2d 955; *Graham v. Updegraph,* 144 Kan. 45, 58 P. 2d 475.) There is no contention here that defendants' negligent diagnosis or treatment continued or was concealed after March 1, 1929. The demurrer to the evidence should have been sustained.

The judgment of the court below is reversed, with directions to sustain the demurrer to the evidence and render judgment for defendants. It is so ordered.