No. 33,342

MAUDE B. LEWIS, *Appellee,* v. THE PEOPLES STATE BANK OF COLDWATER, *Appellant.*

(67 P. 2d 541)

Opinion filed May 8, 1937.

*Jay T. Botts,* of Coldwater, for the appellant.

*C. C. Wilson,* of Meade, and *H. E. Crosswhite,* of Greensburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: In this action the plaintiff asked for judgment against the defendant bank because the bank on May 15, 1935, appropriated money from the general checking account of one R. C. Coles to pay a judgment against him and in favor of the bank, the said Coles having been a partner of the plaintiff in the livestock business for nearly three years, which partnership as well as the plaintiff had a checking account at the defendant bank, and the plaintiff having informed the cashier of the bank on May 1, 1935, that they were dissolving their partnership and that the assets of said partnership, amounting to $340, belonged to the plaintiff. The

answer was a general denial except an admission of having appropriated money from the general checking account of R. C. Coles toward the payment of the judgment held by the bank against Coles.

The case was tried by the court and findings of fact and conclusions of law were made, concluding in favor of the plaintiff. A motion for a new trial, also a motion to set aside some of the findings and to modify and correct some of the findings and conclusions were filed. The latter motion was taken up first; the motion was sustained in part and amended findings of fact and conclusions of law were filed. The defendant next moved the court for judgment for defendant on the amended findings, which motion was overruled. The defendant bank then moved the court for judgment in its favor for the reason that plaintiff had not proved a cause of action against the defendant bank, which motion the court overruled. The defendant then called up its motion for a new trial, which was sustained by the court and a new trial was granted.

The defendant bank has appealed from the adverse rulings of the trial court on the motions of the bank for judgment on the amended findings and for judgment in its favor for the reason that plaintiff has not proved a cause of action against the bank. The matters involved in these two motions are ably presented and argued by counsel on both sides, but a further question is raised by the appellee as to the matters left for consideration on appeal by the defendant after a new trial has been granted on the motion of the defendant.

Counsel for appellant recognizes that the proceedings as to the findings of fact were no longer matters for consideration when the motion for a new trial was granted, citing *Foust v. Mills*, 128 Kan. 471, 278 Pac. 745, but bases his argument upon the failure of the evidence to prove a cause of action against the defendant. This would be like a demurrer to the evidence and would be good ground for appeal if defendant's motion for a new trial had been overruled or if a motion by plaintiff for a new trial had been sustained. The Foust case above mentioned states in the concluding part of the opinion that—

"After the order granting the motion for a new trial had been made, there was no verdict, there were no answers to special questions, and there was no judgment against the defendant. The action stood for trial on the issues made by the pleadings." (p. 472.)

G. S. 1935, 60-3001, states that—

"A new trial is a reëxamination in the same court of an issue of fact after a verdict by a jury, report of a referee or a decision by the court."

It further states that in such case the verdict, report or decision shall be vacated. But a reëxamination of the issues of fact permits and authorizes new and additional evidence, and therefore the party that asked and procured "a reëxamination in the same court of an issue of fact" cannot review those issues of fact in a court of appeals.

In the case of *Peoples Nat'l Bank v. Casey*, 127 Kan. 581, 274 Pac. 286, it was held:

"The plaintiff who, in an action on a promissory note, alleged that it contained a mistake and asked to have the mistake corrected cannot complain of the failure of the court to correct the mistake where after verdict against him the court on his motion grants a new trial." (Syl. ¶ 1.)

In *Decker v. House*, 30 Kan. 614, 1 Pac. 584, it was held:

"The supreme court will not reverse a judgment of the district court on the ground that it is not sustained by sufficient evidence, unless a motion for a new trial has properly been made and filed in the district court upon the ground that the verdict or the decision, as the case may be, is not sustained by sufficient evidence, and unless such motion has been overruled." (Syl. ¶ 2.)

It was likewise held in *Buettinger v. Hurley*, 34 Kan. 585, 9 Pac. 197, that—

"Errors occurring during the trial cannot be considered by the supreme court unless a motion for a new trial, founded upon and including such errors, has been made and overruled." (Syl. ¶ 2.) (See, also, *Smart v. Mayer*, 103 Kan. 366, 175 Pac. 159.)

The granting of the new trial on the motion of appellant gave it opportunity for a reëxamination of the issues in the trial court and hence this court should not at the request of the appellant review the sufficiency or insufficiency of the evidence previously taken in the case.

The judgment is affirmed.