No. 40,982

BEVERLY VILANDER, *Appellee*, v. A. J. HAWKINSON and PETE HAWKINSON, *Appellants*.

(326 P. 2d 273)

Opinion filed June 7, 1958.

*Harold E. Doherty,* of Topeka, argued the cause, and *John W. Brookens,* of Westmoreland, and *Wayne Probasco,* of Topeka, were with him on the briefs for the appellants.

*Charles Rooney, Sr.,* of Topeka, argued the cause, and *Charles Rooney, Jr.,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for personal injuries sustained by plaintiff while operating an alleged defective hay-baler owned by defendants.

On defendants' motion a mistrial was declared. Defendants have appealed from certain adverse rulings hereafter mentioned.

Reference to allegations of the pleadings need not be made. Issues were joined and the action proceeded to trial before a jury. At the conclusion of plaintiff's evidence defendants demurred thereto on the ground it failed to establish a partnership between defendants; that it failed to prove a cause of action in favor of plaintiff and against defendants; that it showed, as a matter of law, that plaintiff was guilty of contributory negligence, and that it showed plaintiff to have assumed the risk. This demurrer was overruled. Defendants then proceeded to introduce their evidence, and during the cross-examination of their first witness the trial court, on defendants' motion, because of misconduct by plaintiff's counsel, declared a mistrial and discharged the jury.

Defendants appealed from orders overruling their demurrer to the petition, their motion to quash the service of summons, and their demurrer to plaintiff's evidence, and specify each of such rulings as error.

Plaintiff filed a motion to dismiss the appeal, contending that as a mistrial was granted all that transpired at the trial was a nullity and that defendants, having been granted a mistrial, cannot now question the sufficiency of plaintiff's evidence to make out a case. This court denied the motion to dismiss "with right to renew at the hearing of the case on its merits."

Plaintiff has renewed his motion.

At this point it should be mentioned that defendants have in effect abandoned their appeal from the rulings on their demurrer to the petition and the motion to quash the service of summons.

The question presented, therefore, is this—under the facts, procedure and circumstances related, are defendants entitled to appeal from the order overruling their demurrer to plaintiff's evidence?

Counsel have cited no decisions of this or any other court bearing directly on the question, and our limited research has failed to disclose any case specifically in point.

Under G. S. 1949, 60-3302, an order that sustains or overrules a demurrer is appealable.

G. S. 1949, 60-2914, provides that a jury may be discharged for any one of several reasons, among them being the inability to agree on a verdict. The next section, 60-2915, provides that in all cases where a jury is discharged during the trial or after the cause is submitted to it, the case may be tried again immediately or at a future time, as the court may direct.

The right of a defendant to appeal from an order overruling his demurrer to the plaintiff's evidence in instances where the jury has failed to agree has been recognized and upheld many times. We mention but a few of our decisions—*Israel v. Lawrence*, 126 Kan. 586, 270 Pac. 602; *Coulter v. Sharp*, 145 Kan. 28, 64 P. 2d 564; *Corr v. Continental Oil Co.*, 145 Kan. 78, 64 P. 2d 30; *Carver v. Farmers & Bankers Broadcasting Corp.*, 162 Kan. 663, 179 P. 2d 195, and *Gatz v. Church*, 180 Kan. 15, 299 P. 2d 81.

G. S. 1949, 60-3001, defines a "new trial" as follows:

"A new trial is a reexamination in the same court of an issue of fact *after* a verdict by a jury, report of a referee or a decision by the court. . . ." (Our emphasis.)

The right of a defendant to appeal from an order overruling his demurrer to plaintiff's evidence, even though defendant sought and obtained a new trial, also has been recognized and upheld. (*Henderson v. National Mutual Cas. Co.*, 166 Kan. 576, 203 P. 2d 250, and *Minear v. Benefit Association of Railway Employees*, 169 Kan. 199, 200, 218 P. 2d 244.)

In the Henderson case, at the close of plaintiffs' evidence, defendants' demurrer was overruled. Defendants submitted no evidence. The jury returned a verdict for plaintiffs and answered special questions. Defendants filed motions for a new trial, for judgment notwithstanding the verdict, for judgment on answers to certain special questions, and to set aside answers to various special questions. The court overruled the motions for judgment notwithstanding the verdict and for judgment on special findings, sustained the motion to set aside the answers to some of the special questions, and sustained defendants' motion for a new trial for the reason that the answers to some of the special questions were inconsistent with

.each other and with the general verdict. Notwithstanding their motion for a new trial was allowed, defendants appealed from the order overruling their demurrer to plaintiffs' evidence. In disposing of plaintiffs' contention that defendants were not entitled to be heard on their appeal from the order overruling their demurrer to plaintiffs' evidence, and in which contention reliance was had on *Lewis v. Peoples State Bank,* 145 Kan. 844, 67 P. 2d 541, and *Foust v. Mills,* 128 Kan. 471, 278 Pac. 745, this court said:

"There is some support for plaintiffs' position in those opinions. We have reexamined the question, however. A demurrer to the evidence is made an appealable order by the provisions of G. S. 1935, 60-3302. (Citing.) Many times since then we have held that a demurrer to the evidence was an appealable order. For instance, we have held that a defendant may take an appeal from an order of a trial court overruling a demurrer to the evidence when the trial has ended in the jury failing to agree, (citing) or when the trial has proceeded and at the close of the evidence the plaintiff has dismissed the action without prejudice. (Citing.)

"If the record be such that the plaintiffs are not able to sustain the burden of proof it would seem the litigation should be ended without putting the parties to the expense of another trial, hence we have concluded that under circumstances such as we have here we will consider the correctness of the order overruling the demurrer to the evidence." (p. 578.)

As stated in the Henderson case, the right of a defendant to appeal from an order overruling his demurrer to plaintiff's evidence where, after the close of all the evidence, plaintiff's motion to dismiss the action without prejudice has been sustained, also has been recognized and upheld. (*Kotwitz v. Gridley Motor Co.,* 148 Kan. 676, 84 P. 2d 903, and *Lane v. Atchison, T. & S. F. Rly. Co.,* 151 Kan. 113, 98 P. 2d 403.)

On first impression it may be conceded the analogies to be drawn from the rules heretofore stated would appear to compel the conclusion that defendants are entitled to a review of the order overruling their demurrer to plaintiff's evidence in this case.

The matter is somewhat confusing, to say the least, but, nevertheless, we have concluded that under the facts and procedure presented defendants are not entitled to be heard, and that the appeal must be dismissed.

In each of the three types of cases referred to, that is, where the jury failed to agree, where defendant secured a new trial, and where, after the close of all of the evidence, plaintiff's motion to dismiss without prejudice was sustained—there had been a full trial insofar as the presentation of evidence is concerned. In the

case before us there was in fact no trial at all. There is a distinction between a "mistrial" and a "new trial." A mistrial results where, before a trial is completed, the trial court concludes that there is some error or irregularity that prevents a proper judgment being rendered, whereas a new trial contemplates that a case has been tried and judgment rendered, and subsequently set aside and a new trial granted. In other words, a mistrial is a nugatory trial and is equivalent to no trial, whereas a new trial recognizes and proceeds upon the assumption there has been a complete trial which, for sufficient reasons, has been set aside. (39 Am. Jur., New Trial § 2, p. 34; 66 C. J. S., New Trial, § 1, c., p. 65; 58 C. J. S., Mistrial, pp. 833, 834, and *Darling v. Railway Co.*, 76 Kan. 893, 896, 93 Pac. 612.)

There would appear to be a very practical reason why, under the facts and procedure here presented, defendants are not entitled to a review of the order overruling their demurrer to plaintiff's evidence. They did not stand on their demurrer—but proceeded to introduce their evidence, and it was during the cross-examination of their first witness that a mistrial was declared. As a practical matter, assuming that plaintiff's evidence was insufficient to withstand the demurrer and that it should have been sustained—defendants, in their evidence, might well have supplied the deficiency, in which event any error in the ruling would have been cured and become immaterial. (*City of Garnett v. Dowis*, 144 Kan. 484, 61 P. 2d 913; *Henks v. Panning*, 175 Kan. 424 [Syl. 3], 264 P. 2d 483; *Coleman v. Patti Construction Co.*, 182 Kan. 53 [Syl. 4], 318 P. 2d 1028.) Despite the fact this indulges somewhat in "speculation" as to what defendants' evidence might have shown, nevertheless, the mentioned rule is well established and under the peculiar and unusual situation presented is entitled to be considered. In our opinion the statutory (G. S. 1949, 60-3302) right to appeal from a ruling on a demurrer as recognized and allowed in the mentioned decisions under the facts of those cases, simply has no application to the facts before us.

We recognize fully the predicament in which defendants found themselves. In view of what transpired they were compelled to move for a mistrial, and their position now is that if their demurrer to plaintiff's evidence was good the litigation should be ended without putting them to the expense and time of another trial. Nevertheless, we believe that under the facts, procedure and circumstances related, our conclusion is based upon the sounder reasoning, and that the appeal must be dismissed.

It is so ordered.